WILSON *vs.* WRIGHT, survivor.

1. Attorneys have a lien for fees, both at common law and by statute, upon land recovered by them for their client.
2. After the attorneys had filed a bill to enforce their lien for fees, one who purchased the land did so with notice, and did not acquire a title freed from the attorneys' lien.

March 4, 1884.

Attorney and Client.    Liens.    *Lis pendens.*    Notice.

Before Judge Bower. Dougherty Superior Court. October Term, 1883.

Reported in the decision.

D. H. Pope, for plaintiff in error.

G. J. Wright, in-*propria persona*, for defendant.

Blandford, Justice.

Wright & Warren, as attorneys at law, prosecuted a certain action in favor of one Reid, whereby Reid recovered a large tract of land by their services, not having received anything for their services, they filed this bill for the purpose of securing their fees, and they sought to reach a certain fund in the hands of the administrator of one Brinson, which they claimed arose from the rents of the Reid place, which had been recovered by their services as attorneys; also to subject a sufficient portion of the land to be sold to satisfy their claim for fees. Pending this bill, Wilson, the plaintiff in error, purchased this land. The complainant amended his bill, and asked to make Wilson a party defendant. The court allowed this to be done. Wilson excepted, and this is the error complained of.

1. The attorneys had a lien upon the land recovered by their services at common law and by our statute. 14 *Ga.*, 89; 29 *Id.*, 185; 31 *Id.*, 195; 56 *Id.*, 281; Code of 1863, §1989.

2. But plaintiff in error insists that, although the attorneys had a lien on this land, yet he was a *bona fide* purchaser without notice, and his title is unaffected by any lien of defendant in error.

It is admitted that he purchased this land since the filing of defendant's bill and during its pendency. In such cases, the doctrine of *lis pendens* applies to plaintiff in error. This pendency of the action is notice to all persons. 35

v 72-55

*Ga.*, 213; 44 *Id.*, 466; 48 *Id.*, 443; 54 *Id.*, 209; 55 *Id.*, 401; 1 Story's Equity Jur., §§405 to 407. So the plaintiff is not a *bona fide* purchaser without notice; under the circumstances, the law charges him with notice.

We see no error in the several rulings of the court below in this case, and the judgment is affirmed.

Judgment affirmed.