## BROWN *v.* GEORGIA, CAROLINA AND NORTHERN RAILWAY COMPANY *et al.*

The mere engagement by a prospective suitor of an attorney at law upon a contingent fee, does not give rise to a lien for fees in favor of the latter upon the cause of action respecting which he is employed ; but upon the filing of a suit by him, a lien attaches in his favor upon such suit, in such manner as that the plaintiff and defendant are not at liberty to settle the same so as to defeat his claim for fees. If, however, pending the suit the plaintiff and defendant do in fact compromise and settle their differences, and upon the trial a nonsuit is awarded, the suit thus commenced is thereby ended ; and if another action upon the same cause be thereafter brought, the defendant may plead such settlement in bar of the renewed suit, and as well in bar of the right of plaintiff's counsel to prosecute the same for the recovery of contingent fees alleged to be due. His right to prosecute depends upon the existence of a lien in his favor. The lien being extinguished by the nonsuit, whatever would bar the plaintiff's right bars his.

Argued April 14, — Decided May 7, 1897.

Action for damages. Before Judge Hutchins. Clarke superior court. January 14, 1896.

An action for damages from personal injuries alleged to have been sustained by the plaintiff at Athens, Ga., January 20, 1894, by reason of the negligence of the defendants in the running of their train, was brought in the superior court of Clarke county by Samuel Brown against the Georgia, Carolina & Northern Railway Company, the Seaboard & Roanoke Railroad Company, and the Raleigh & Gaston Railroad Company, the two

companies last mentioned being sued as lessees of the one first mentioned. The defendants answered, denying the material allegations of the petition, and by amendment pleaded in bar that on the 13th of April, 1894, the defendants, the Raleigh & Gaston Railroad Company and the Seaboard & Roanoke Railroad Company, paid to the plaintiff $100, and in consideration of the same the plaintiff released and discharged all of the defendants from all and every manner of claims, demands and causes of action that he had or could have against them or either of them, growing out of any transaction whatever prior to that date, and in particular from all claims for damages sustained by reason of any act, omission, negligence or unskillfulness on the part of these defendants or their servants, or otherwise, on the 20th day of January, 1894, by which the person of plaintiff was hurt at Athens, which is the cause of action set forth in plaintiff's petition.

Upon the filing of this amendment E. T. Brown and S. J. Tribble, attorneys for the plaintiff, filed a petition alleging, that in January, 1894, they were employed by plaintiff as his attorneys to bring suit for him against the defendants for the injuries on account of which this action was brought, and they undertook the management of his case for one half of whatever they might recover from the defendants; that on February 7, 1894, they filed a suit for the plaintiff against the defendants in the city court of Clarke county, to recover damages for said injuries; that on February 21, 1894, defendants filed their plea and a demurrer to said suit; that when the suit came on for trial said demurrer was abandoned or overruled and the suit went to trial upon the merits; that at the time petitioners were employed and at the time said suit was filed, the plaintiff was residing in Athens, but when the case was reached for trial he was not present in court and could not be found, and petitioners, not having any showing for his absence, were forced to announce ready and proceed with the trial in his absence; that after petitioners had introduced all the evidence at their command, said suit was, upon motion of defendants' counsel, nonsuited by the court; that on September 18, 1894, plaintiff renewed said suit in Clarke superior court, by filing his declara-

tion setting forth the same cause of action against the same defendants; that defendants on October 18, 1894, filed their plea; that in March, 1895, defendants' counsel served petitioners with a set of interrogatories to cross, which had attached to them what purported to be a contract of settlement of said case made and entered into between plaintiff and defendants on the 13th of April, 1894, and this was the first knowledge petitioners ever had that defendants had settled or attempted to settle said suit with plaintiff; that they promptly notified the attorneys of the defendants that if any settlement of said suit had been made by the parties, it was done without their knowledge or consent, and that they should insist upon prosecuting said suit to a termination in order to fix and recover their fees, which were to be one half of the recovery; that on April 17, 1895, petitioners also served defendants' counsel with a written notice to the same effect; that said settlement was made and entered into between defendants and plaintiff with the intent and purpose of defeating petitioners' lien for fees; and that plaintiff was and still is totally insolvent, which was fully known to defendants at the time of said settlement. In consideration of the foregoing facts, petitioners prayed that they be allowed to prosecute said suit to a termination, in order to fix and recover their fees, which are to be one half of whatever amount plaintiff is entitled to recover in said suit. Copies of the pleadings and contract of settlement referred to in this petition are attached thereto as exhibits.

At the trial there was evidence in behalf of the plaintiff which would support a verdict in his favor for damages to the extent of $200 or more. The defendants introduced in evidence a writing, dated April 13, 1894, and signed by the plaintiff, the terms of which were in substance as set out in the amended plea above referred to. The jury found a verdict for the plaintiff for $100 attorney's fees. The defendants made a motion for a new trial, which was granted on grounds which are sufficiently indicated in the opinion following.

*E. T. Brown* and *S. J. Tribble,* for plaintiff.

*Erwin & Erwin,* for defendant.

ATKINSON, J.  The official report states the facts. Unless the plaintiffs in error were entitled, under paragraph 2 of

section 2814 of the Civil Code, to a lien upon the original cause of action, which was the basis of the suit instituted by them in the first instance, they were not authorized in their own names to prosecute the second action which they instituted subsequently to the compromise effected by their client upon his own behalf with the defendant. That paragraph of the section above quoted provides, that upon suits, judgments and decrees for money, attorneys at law shall have a lien superior to all liens except tax liens, and no person shall be at liberty to satisfy such suit, judgment or decree until the lien or claim of the attorney for his fees is fully satisfied ; and attorneys at law shall have the same right and power over said suits, judgments and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them.

Statutes creating special liens in favor of particular individuals are in derogation of the common law, and are to be strictly construed. This being true, no lien attaches in favor of the attorney at law to the cause of action, but it only arises upon the institution of the suit. The lien, according to the language of the statute, attaches to the suit only ; and hence when for any reason the suit is finally disposed of, the lien is discharged. The settlement by the client with his adversary pending the original suit would not have had the effect to discharge the lien of the attorneys at law upon that suit, and notwithstanding the settlement, they would have been entitled to prosecute it to judgment for the purpose of recovering fees. The plaintiff was entitled, however, under the law, to make such a settlement affecting his own interest as he saw proper. The law, however, preserved his action and gave to the attorneys the power to prosecute that action for the recovery of their fees. Upon the trial of the suit first instituted, a nonsuit was awarded ; and inasmuch as they did not move the court to vacate the judgment of nonsuit and reinstate the original action, but elected instead to bring a new suit, the judgment of nonsuit was as effectual to extinguish their right as though a final judgment upon the merits had been rendered against them. It ended that suit. When the second suit was instituted the plaintiff had no cause of action. That had been extinguished by the compromise with

the defendant. The plaintiff having no cause of action, there was nothing upon which to predicate a suit; and hence, in reply to the second suit, a plea of accord and satisfaction was a good answer. The attorneys could have no right growing out of the second suit, unless that right was predicated upon some right of their client; and inasmuch as all of his rights had been extinguished by the compromise, no right accrued in favor of his attorneys. Their lien upon the original suit was extinguished by the judgment of nonsuit, and whatever would operate as a bar to the prosecution of the second suit by the client likewise bars them. It would be otherwise if the statute hereinabove referred to gave to the attorneys at law a lien upon the cause of action instead of a lien upon the suit and the proceeds which might result from the prosecution of it. We conclude, therefore, that the trial judge committed no error in granting a new trial, he having improperly instructed the jury that the right of the plaintiff's attorneys to prosecute the second suit for fees was not barred by the compromise effected by the plaintiff and defendant pending the first one.

*Judgment affirmed. All the Justices concurring, except Cobb, J., disqualified.*