## 4696. GEORGIA RAILWAY & ELECTRIC COMPANY
### v. CROSBY.

After suit has been filed upon a cause of action, the suit and cause of action must be treated as one, and there can be no substantial separation; and although the cause of action may be settled before the suit has been filed, after the filing of the suit no person, whether party litigant or third person, can settle the suit or the cause of action so as to defeat the lien of the attorney for his fees; and the attorney, notwithstanding any settlement of the cause of action, has the right to prosecute the suit, in the name of his client, for the recovery of his fees.

DECIDED JUNE 10, 1913.

Action for damages; from city court of Atlanta—Judge Reid. November 21, 1912.

Crosby sued the Georgia Railway & Electric Company to recover damages for personal injuries alleged to have been received by him while he was driving a wagon along Dover street in the city of Atlanta. His cause of action was based upon the presence in the street of a rotten pole, which fell down on him while he was legitimately using the street. The pole was the property of the Georgia Railway & Electric Company and was in a public street of the City of Atlanta: It had been permitted to stand in the street a sufficient length of time to have rotted and become dangerous to those who were using the street. The injury occurred on June 19, 1911, and the suit was filed on June 21, 1911. The City of Atlanta was not joined as a codefendant. It seems that at the time of the injury the plaintiff was an employee of the City of Atlanta, and, subsequently to the filing of the suit against the Georgia Railway & Electric Company, he settled with the City of Atlanta any claim for damages which he might have had against the city for this injury, giving to the city the following release: "In consideration of the sum of nineteen dollars and eighty cents, the receipt of which I hereby acknowledge, I, H. M. Crosby, do hereby release the City of Atlanta from all claims for damages past, present, and future, on account of the falling of an electric-light pole on me while driving one of the wagons of the Chief of Construction Department. This accident occurred on Dover street in the City of Atlanta on June 19, 1911. [Signed] H. M. Crosby." It is not shown that the Georgia Railway & Electric Company, or any one acting in its behalf, had anything to do with the procurement of the settlement with the City of Atlanta. When the case against the

Georgia Railway & Electric Company was called for trial and the foregoing facts were disclosed, the point was made by the railway and electric company that the settlement with the City of Atlanta operated in law to defeat the right of the plaintiff to recover against it; and the trial judge so ruled, and directed a verdict against the plaintiff in so far as a right of action in himself was concerned. The plaintiff's attorney, however, insisted that he had a right to prosecute the suit in order to recover a contingent fee of one half of whatever amount might have been recovered in the case against the railway and electric company. The trial judge allowed the case to proceed to verdict and judgment in behalf of the plaintiff for use of the plaintiff's attorney. This direction was given the case over the objection of the defendant; and it is contended that the trial judge erred in allowing the case to proceed and the plaintiff's attorney to recover for his fees. The question whether the judge ruled correctly in holding that the settlement made with the City of Atlanta operated in law to defeat the right of the plaintiff to recover against the railway and electric company is not involved, since no exception was taken as to that ruling.

*Colquitt & Conyers*, for plaintiff in error.
*Hines & Jordan*, contra.

HILL, C. J. (After stating the foregoing facts.)

The ruling of the trial court in allowing the case to proceed for the use of plaintiff's attorney is based upon the court's interpretation of the law of Georgia relating to the lien of attorneys for their fees. The Civil Code (1910), § 3364, par. 2, provides as follows: "Upon suits, judgments, and decrees for money, they [attorneys] shall have a lien superior to all liens but tax liens, and *no person* shall be at liberty to satisfy said suit, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them." Learned counsel for the plaintiff in error insist (1) that this lien attaches only to the suit, judgment, or decree, and the property recovered for his client, and that it does not attach to the subject-matter of the cause of action; and (2) that the words in the act, "no person," are intended to mean "no person litigant,"—no defendant, or person occupying the same relative position as the defendant. We

think the distinction sought to be made in the first contention is based upon a misconception of the ruling of the Supreme Court on that subject. Unquestionably no lien in favor of the attorney at law attaches to the cause of action,—that is, to the cause of action before the suit is filed; but upon the institution of a suit on the cause of action the attorney's lien attaches to the suit, which necessarily includes the cause of action. A cause of action can be settled by the parties before a suit thereon is filed, but after the suit has been filed, the suit and cause of action become one in substance, and neither the suit nor the cause of action thereafter can be settled so as to defeat the lien of the attorney. It is manifest that the attorney could not have a lien on a suit, unless the suit set forth a cause of action; and neither could he enforce such a lien unless the cause of action had been proved by the evidence, under the law applicable thereto. If for any reason the suit is finally disposed of by operation of law, or by a ruling of the court thereon, the lien of the attorney is necessarily discharged. We think this is what is meant by the Supreme Court in the case of *Brown* v. *Georgia, Carolina & Northern Ry. Co.*, 101 *Ga.* 80 (28 S. E. 634). Prior to the adoption of our first code a defendant was not allowed to settle with the plaintiff so as to defeat a lien of the plaintiff's attorney, whether the defendant had notice of the existence of the attorney's claim or lien or not, and the law as it then stood was incorporated in that code (Code of 1863, §§ 1989-90). The law as thus codified remained without change until the act of 1873 (Acts 1873, pp. 42-46). One of the changes which the act of 1873 made in the law was that the mere filing of the suit constituted sufficient notice of the existence of a claim of a possible lien of the attorney for fees, so as to prevent the defendant from making any settlement or satisfaction of the suit to defeat the lien of the plaintiff's attorney for fees; and the act also gave to the attorney the right to control the case to collect his fees, in all respects as fully as his client. These provisions of the act of 1873 are in the Code of 1910, § 3364. Construing the plain language of this section, it is clear that after suit has been filed, it can not be settled so as to defeat the lien of the attorney for his fees.

The second point insisted on by learned counsel for the plaintiff in error,—that the inhibition is limited to a party defendant or litigant, or some one in his behalf,—is not without logical force;.

for unquestionably the purpose of the statute is to prevent a defendant from settling with insolvent or dishonest plaintiffs a suit which has been brought by his lawyer, and thus deprive the lawyer of the fruits of his labor; but this court has no right, however logical this construction seems to be, to take from or add to the express language of the statute on the subject. That language is that "*no person* shall be at liberty to satisfy said suit, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied," etc. Courts have no right to restrict the application of the statute to parties litigant, or the defendant in the case, where the express language of the legislature makes no such limitation, but expressly asserts the contrary.      *Judgment affirmed.*