## 5032. PAYTON *v.* WHEELER *et al.*

The attorney for the defendant had a lien upon the defendant's interest in the pending suit, for his contingent fee, which could not be defeated by any settlement, made without his consent, after the suit was filed. The lien of an attorney at law upon the subject-matter of a suit which he has been employed to prosecute or to defend can not be rendered ineffective by a contract of his client. Civil Code, § 3364, par. 2.

DECIDED AUGUST 25, 1913.

Certiorari; from Haralson superior court—Judge Price Edwards. May 29, 1913.

*Griffith & Matthews,* for plaintiff. *W. P. Robinson,* for defendants.

Russell, J.   It appears from the record that Wheeler had been accused of taking certain money from the person of Payton. Parker, the sheriff, arrested Wheeler and found some money upon his person, and took possession of it.   Payton brought an action against Wheeler and the sheriff for money had and received.   After judgment by the magistrate in favor of Payton, and on appeal, Wheeler, by his attorney, perfected his plea by alleging that the money which had been taken from him by the sheriff was the property of his wife, placed in his hands by her instructions, to pay certain demands against her.   The sheriff answered that he was holding the fund in dispute merely as trustee for whomsoever it might rightly belong to, and was ready to pay it over to the person whom the courts might adjudge to be the owner.   At the trial on the appeal a written agreement, signed by the defendant Wheeler and his wife, to the effect that the plaintiff, Payton, should have the money which was in the hands of the sheriff, and that no further claim to it would be made by them, was put in evidence; and Payton's counsel testified that one Johnson got Wheeler and his wife to sign the agreement and brought it to him, and that the money was thereafter paid over to him, as attorney for the plaintiff, by the sheriff, under this agreement of Wheeler and Mrs. Wheeler.   He further testified, that he told Johnson he would not agree to assist Wheeler, who had been convicted of larceny, unless Payton consented, because he had represented Payton in the prosecution of Wheeler, and that he asked Johnson to see Wheeler's attorney, Robinson, and advise him as to the proposed agreement with Wheeler and his wife.   It does not appear that Johnson ever saw Robinson.   However, in a conversation between Griffith, as attorney for Payton, and Robinson, as attorney for Wheeler, Robinson stated, in effect, that his fee in the case was contingent, and that he was to have a half of the money if the Wheelers won the case.   The settlement between Payton and the Wheelers had been agreed upon at that time. Robinson's statement on the trial of the appeal was, that he had been employed by Wheeler and Mrs. Wheeler to represent them in the pending case, and was to have a half of the money sued for, for representing them, provided they won the case; that his fee was contingent, and that he knew nothing about the settlement until Griffith (Payton's attorney) mentioned it to him.   This

statement of the attorney for Wheeler and Mrs. Wheeler was undisputed by anything in the evidence, and under it he had the right to proceed with the case for the purpose of collecting his fee; and, upon the evidence adduced, a finding in favor of his client, in order to satisfy his lien for a half of the fund, was demanded; for the only evidence before the jury as to the ownership of the money compelled the legal conclusion that Wheeler was the owner thereof. The only evidence of Payton's title which was before the jury was that he derived it through his agreement with Wheeler and his wife. It may be that Payton could have shown otherwise that it was his money, but he did not do so. He relied upon the agreement which was introduced, and under the terms of which the Wheelers simply consented to let him have the money and to make no further claim for it.

Under the provisions of section 3364 of the Code of 1910, attorneys at law have a lien "upon suits, judgments, and decrees for money, . . superior to all liens but tax liens, and no person shall be at liberty to satisfy a suit, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied;" and, for the purpose of enforcing his lien, the attorney has the same right over the suit as his client had for the amount originally due thereon. It is very plain that Payton's attorney sought to act in the utmost good faith with Wheeler's attorney; but this has no effect, one way or the other, upon the rights of the latter. Robinson, as attorney for Wheeler, had a lien upon the subject-matter of the pending suit, contingent upon recovery. This right was fixed as soon as the suit was filed, and could not be divested by any settlement or contract, it matters not by whom the settlement may have been made or attempted. The case is fully controlled by the ruling of this court in *Georgia Railway & Electric Co.* v. *Crosby,* 12 *Ga. App.* 750 (78 S. E. 612), and the rule is as fully applicable to counsel for attorneys representing the defendant as to the plaintiff's counsel. The facts of the present case illustrate the necessity for the application of the rule to counsel for defendant and plaintiff alike; and many similar instances might be suggested. A case which frequently arises is where the defendant's claim, by way of recoupment or set-off, may justly far exceed the original demand of the plaintiff.

Upon the hearing of the certiorari in the superior court the

judge correctly held that the agreement of the defendants to settle the case, which would probably have resulted in rendering the lien of the attorney for his fee wholly worthless, should not be permitted to defeat the lien provided by law. An agreement or contract of a client can not render ineffective the lien of his attorney upon the subject-matter of a suit which the attorney has been employed to prosecute or to defend.

*Judgment affirmed.*