## 26275. HENSON, administrator, *et al. v.* COX.

Decided October 8, 1937.

*J. H. Felker,* for plaintiffs.

*A. M. Kelly, E. W. Roberts,* for defendant.

MacIntyre, J. This was a suit for damages, appearing to have been brought by Henson, as administrator of the estate of Wright, against Cox. The petition was signed by J. H. Felker, the plaintiff's attorney. Upon the call of the case on the calendar, Henson, as administrator, filed the following paper (omitting the statement of the case): "Now comes Chas. W. Henson, administrator of the estate of Wm. C. Wright, and the plaintiff in the above-stated case, and shows the following facts, to wit: 1st. That the above-stated suit was filed by J. H. Felker as attorney, without his knowledge or consent. 2nd. That this plaintiff has not employed the said J. H. Felker to bring said suit, and the said J. H. Felker had no authority from plaintiff to bring said suit. 3rd. This plaintiff is not responsible for the allegations made by the said J. H. Felker in said petition, and knew nothing of said suit until it was called to his attention by the defendant after the suit had been filed and after service had been had on the defendant. This plaintiff asks the court to dismiss said suit, and, if any judgment is rendered for costs, that said judgment be rendered against the attorney bringing said suit, and not against this plaintiff, for the reasons set out above." There was no traverse of this statement. Felker, the plaintiff's attorney asked for the right to prosecute the suit in the name of his client, for the recovery of his fee, on the ground that the plaintiff could not settle the suit or cause of action so as to defeat the lien of the attorney for his fee. Upon hearing by the court it appeared that

Henson, as administrator, placed an execution in the hands of Felker as his attorney at law; that a garnishment proceeding signed by Henson was instituted against Cox, claiming that Orrin Roberts was indebted to the estate in the sum of $5830.43 and certain stated interest and costs; and that Felker as the plaintiff's attorney had this garnishment issued in order to try to realize on a $4000 check made payable to Cox, in which he contended Roberts had an interest for attorney's fees. The bill of exceptions further shows that Felker stated in his place: "After said Cox had sworn that he had put the funds where I could not get them by garnishment, that said counsel had informed said Henson and his surety on the bond that this made said Cox liable for the amount of the part paid said Roberts for his fees, and asked them to come to his office and he would show them the law to that effect; they neither came nor sent any word not to sue said Cox." After said hearing the court ordered the following judgment: "Chas. W. Henson, administrator of the estate of W. C. Wright, *vs.* H. C. Cox, No. 2450. Suit for damages. A retraxit having been made by plaintiff, and after a hearing on same in open court, it is considered, ordered, and adjudged that the plaintiff's petition be dismissed. This February 17, 1937."

"After suit has been filed upon a cause of action, the suit and cause of action must be treated as one, and there can be no substantial separation; and although the cause of action may be settled before the suit has been filed, after the filing of the suit no person, whether party litigant or third person, can settle the suit or the cause of action so as to defeat the lien of the attorney for his fees; and the attorney, notwithstanding any settlement of the cause of action, has the right to prosecute the suit, in the name of his client, for the recovery of his fees." *Georgia Railway & Electric Co.* v. *Crosby,* 12 *Ga. App.* 750 (78 S. E. 612). However, in this case the question for consideration is whether the attorney had authority to institute a damage suit in the name of Henson, as administrator of the estate of Wright, against Cox, the person garnished. The present case is not proceeding under or ancillary to the garnishment proceeding in which Felker, as attorney at law, was authorized by his client to proceed; but this is a separate suit, to wit, a damage suit, charging in paragraph 15 of the petition that "the defendant H. C. Cox did fraudulently

manipulate said fund of $4000 so that the same could not be reached by garnishment, or made available to the payment of said execution, so far as the fees of Orrin Roberts went into the same." Henson as administrator set up that Felker as an attorney at law had no authority from him as administrator, or otherwise, to bring the instant suit. The court tried the issue; and under the facts presented by the record the judge was authorized to find that this was not the prosecution of an existing suit (one already filed) in the name of the client, but, on the contrary, was the bringing of a new suit and one different in its nature from the former suit, and to further find that Felker, the attorney at law, was not authorized to bring the present damage suit for Henson as administrator.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*