A98A1463. SMITH, BASSETT, PURCELL & KOENIG v. WORD OF GOD MINISTRIES, INC. et al.

(506 SE2d 427)

Smith, Judge.

Smith, Bassett, Purcell & Koenig, attorneys at law, represented The Word of God Ministries, Inc., Willie Callaway, and Yvette Callaway (collectively "the church"), in a dispute with the seller of property to the church. The attorneys filed an action for specific performance of the sale, and the seller counterclaimed for ejectment. That dispute was settled and the underlying actions were dismissed. Claiming that additional attorney fees remained unpaid, the law firm filed this action against its former clients, seeking to foreclose a lien on the real property recovered in the settlement of the prior action. After a show cause hearing, the trial court ruled against the plaintiff, concluding that the law firm could not recover its fees by way of lien foreclosure because its lien was extinguished when the lawsuits were dismissed. The law firm appeals. We conclude that the attorney's lien was not extinguished, and we reverse the judgment below.

OCGA § 15-19-14 (c) provides: "Upon all actions for the recovery of real or personal property and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien for their fees on the property recovered superior to all liens except liens for taxes, which may be enforced by mortgage and foreclosure by the attorneys at law or their lawful representatives as liens on personal property and real estate are enforced. The property recovered shall remain subject to the liens unless transferred to bona fide purchasers without notice."

In ruling against the law firm, the trial court relied upon *Brown v. Ga. Carolina & Northern R. Co.*, 101 Ga. 80 (28 SE 634) (1897), in which the Supreme Court held that "[t]he lien, according to the language of the statute, attaches to the suit only; and hence when for any reason the suit is finally disposed of, the lien is discharged." Id. at 83. But *Brown* was decided on unusual facts; it is inapplicable here for two reasons. First, *Brown* did not involve a lien arising under the same subsection of the statute governing the lien in this

case. The underlying action in *Brown* was not an action brought to recover real or personal property, but an action for damages for personal injury brought on a contingent fee basis. Id. Second, *Brown* involved the dismissal of a suit because of a settlement of which the attorney was unaware. The plaintiff's attorney subsequently attempted to revive his lien for attorney fees by initiating a second suit on a *cause of action* that had been extinguished by the settlement of the first suit. Id. at 83-84. The Supreme Court noted that the lien does not attach to the cause of action but only arises upon institution of suit. Plaintiff's attorney could have preserved his lien by moving to vacate the original judgment and reviving the original action, even after the settlement. Id. at 83. But he did not do so. His initiation of the second suit was properly nonsuited because no cause of action remained. Id. at 83-84.

It is well established that the attorney's lien created under OCGA § 15-19-14 (c) "attaches to the fruits of the labor and skill of the attorney, whether realized by judgment or decree, or by virtue of an award, *or in any other way*, as long as they are the result of his exertions." (Punctuation omitted; emphasis supplied.) *Middleton v. Westmoreland*, 164 Ga. 324, 329 (1) (138 SE 852) (1927). See *John J. Woodside Co. v. Irwin*, 79 Ga. App. 252, 254-255 (1) (53 SE2d 246) (1949). The phrase "or in any other way" includes settlement. *Brotherton v. Stone,* 197 Ga. 74, 75 (3) (28 SE2d 467) (1943); *Hester v. Chalker*, 222 Ga. App. 783, 784 (1) (476 SE2d 79) (1996). The fruits of the law firm's labor in this case include the settlement agreement under which the church recovered the real property in issue. The law firm's lien on that property was not extinguished by the dismissal of the action it brought to recover that very property, under the terms of the settlement agreement. The trial court erred in denying the petition for foreclosure.

*Judgment reversed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 8, 1998.

*Smith, Bassett, Purcell & Koenig, Robert R. Smith,* for appellant. *James D. Stokes*, for appellees.