## A01A1817. VILLANI v. EDWARDS et al.
(554 SE2d 184)

ELDRIDGE, Judge.

Appellee-plaintiff Sha'Ron Edwards employed appellant Ralph J. Villani, attorney at law, to represent her in an action for damages against appellee-defendants William Arthur White and Atlanta Freightliner Truck Sales & Service, Inc. arising out of an automobile collision involving Edwards and White. White, an Atlanta Freightliner employee, had been driving a company vehicle when the crash occurred. The record reveals that the action was thereafter filed in the State Court of Fulton County by Michael A. Cole as Edwards' attorney of record. Atlanta Freightliner timely answered, denying the material allegations of the complaint. Following discovery, the parties attempted mediation. However, these efforts failed, and a magistrate judge presiding in the state court granted attorney Cole leave to withdraw as Edwards' counsel. On this, attorney Villani filed notice of his substitution as Edwards' lead counsel. Edwards, in turn, filed a letter notice in the state court indicating that she had terminated attorney Villani two days before attorney Villani filed his notice of substitution as counsel. Edwards also gave notice that she had hired a third attorney. Such attorney subsequently settled Edwards' claim, satisfied attorney Cole's attorney's lien, and, on Edwards' behalf, voluntarily dismissed the underlying complaint with prejudice. Attorney Cole was paid out of the settlement for services rendered to Edwards and his lien released. Attorney Villani appeals from the state court's denial of his motion to reopen the case to permit him to file his attorney's lien upon the claim that, as Edwards' attorney of record, he had not been given notice of the

settlement of the case. We conclude that attorney Villani's lien was extinguished upon the dismissal of Edwards' complaint and affirm.

1. The state court did not err in finding that it lacked authority to reopen Edwards' suit as settled and voluntarily dismissed. Attorney Villani sought to assert the OCGA § 15-19-14 (b) attorney's lien he claims by his motion to reopen the case vacating the original judgment and reviving the original action. See *Smith, Bassett, Purcell &c. v. Word of God Ministries*, 234 Ga. App. 263, 264 (506 SE2d 427) (1998), citing *Brown v. Ga., Carolina &c. R. Co.*, 101 Ga. 80, 83 (28 SE 634) (1897) (In actions for money, "the lien does not attach to the *cause of action* but only arises upon institution of suit.") (emphasis supplied). Compare *Smith, Bassett, Purcell &c. v. Word of God Ministries*, supra (law firm's lien on recovered property under OCGA § 15-19-14 (c) not extinguished by dismissal and settlement of action brought to recover such property). However, "when for any reason the suit is finally disposed of, the lien is discharged." *Brown v. Ga., Carolina &c. R. Co.*, supra. Here there was settlement and voluntary dismissal of Edwards' suit. Thus, a final disposition of the suit was made discharging, as a matter of law, any possible attorney's lien attorney Villani might have been able to establish as to his purported representation of Edwards, whether as counsel of record or otherwise.

> A voluntary dismissal under OCGA § 9-11-41 (a) is a matter of right and terminates the action. *Page v. Holiday Inns*, 245 Ga. 12, 13 (262 SE2d 783) [(1980)]. Further, Georgia's Civil Practice Act apparently makes no provision for the reinstatement of an action after dismissal as distinguished from a recommencement. Davis & Shulman's Ga. Practice & Procedure, § 13-4 (4th Ed. 1975). *Matthews v. Riviera Equip.*, 152 Ga. App. 870 (1) (264 SE2d 318) [(1980)]. Nor does the Civil Practice Act provide authority for setting aside a dismissal based on fraud in the inducement of the dismissal. Compare OCGA § 9-11-60 (d) (2). (Any such claim must be pled in a separate action.)

(Punctuation and footnote omitted.) *Collier v. Evans*, 205 Ga. App. 764, 767 (4) (423 SE2d 704) (1992).

Even were the contrary true, attorney Villani points to nothing of record establishing that he had an enforceable contract for representation of Edwards. " 'If the parties do not create a complete and binding agreement, the courts are powerless to do it for them, or afford a remedy for a breach. [Cits.]' " *Southeastern Underwriters v. AFLAC, Inc.*, 210 Ga. App. 444, 446 (1) (436 SE2d 556) (1993). Further, under Standard 31 (d) (1), Advisory Opinion 92-1 and *AFLAC*,

*Inc. v. Williams,* 264 Ga. 351, 352-353 (1) (444 SE2d 314) (1994), oral contingency contracts are unenforceable as violative of public policy, and, for like reason, evidence of them in quantum meruit actions is inadmissible. *Nelson & Hill, P.A. v. Wood,* 245 Ga. App. 60, 66 (2) (537 SE2d 670) (2000).

2. In light of our disposition of Division 1, we need not address attorney Villani's remaining claims of error.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED AUGUST 1, 2001 —
RECONSIDERATION DENIED AUGUST 20, 2001 — 

*Ralph J. Villani,* pro se.

*Dermer, Brown, Rogers & O'Neill, Richard W. Brown, Nadler, Beskin, Scott & Dominy, Donald C. Beskin, Cole, Bryman & Clerke, Michael A. Cole, Jeff S. Klein,* for appellees.

Sha'Ron Edwards, *pro se.*