## A05A0420. HOWE & ASSOCIATES, P.C. v. DANIELS.
(618 SE2d 42)

BARNES, Judge.

Howe & Associates, P.C., former attorneys of Nikki C. Taylor and William D. Taylor,[1] appeal the trial court's order enforcing an attorney fees lien in favor of Jerry A. Daniels, the attorney who originally filed the Taylors' tort action against Harmon B. Anderson III, and other defendants. Sometime after the action was filed, Daniels negotiated a settlement with the tort defendants, but the Taylors were not satisfied with the settlement proposed. Consequently, they discharged Daniels and retained Howe & Associates to represent them.

---

[1] As Howe & Associates filed the notice of appeal only on its own behalf, neither the Taylors nor Anderson are parties to this appeal. Before the trial court ruled finally on Daniels's petition on his attorney fees lien, Howe & Associates moved to withdraw as the Taylors' counsel.

Daniels had a contingency fee contract with the Taylors that called for him to be paid on an hourly basis if he were discharged from the case. After he was discharged as counsel, Daniels filed an attorney fees lien on November 22, 2002, and served a notice on the Taylors, the defense attorneys in the tort action, and the insurance company involved.

Thereafter, Howe & Associates negotiated a new settlement, which the Taylors accepted, and on January 24, 2003, Howe & Associates filed a dismissal of the action, without prejudice, on behalf of the Taylors. The settlement proceeds were disbursed without honoring Daniels's lien. As the Taylors had dismissed their claims against the defendants and the defendants' cross-claims were contingent upon recovery by the Taylors, the trial court on January 31, 2003, directed the clerk of court to close the file.

On February 10, 2003, however, Daniels moved to reopen the case and foreclose his attorney fees lien. Daniels relied upon *Brown v. Ga., Carolina &c. R. Co.*, 101 Ga. 80 (28 SE 634) (1897), and *Nodvin v. Fabian*, 153 Ga. App. 716 (266 SE2d 253) (1980), as authority to reopen the case.

Howe & Associates opposed the motion, contending that Daniels knowingly gave up his files on the case to Howe & Associates and that by doing so he relinquished his control of the files and the lawsuit. They further contended that Howe & Associates had authority to dismiss the action and that upon the dismissal, "Daniels lost any and all rights under the attorney lien statute," and "[a]ccordingly, Daniels' motion for attorney's fees or to perfect lien is no longer actionable." Howe & Associates contended that Daniels's remedy was to "have moved to set aside the dismissal. By doing this he would have properly reopened the case for purposes of enforcing his attorney's lien, if any."

Thereafter, the trial court scheduled a show cause hearing to consider Daniels's motion. Following the hearing, the trial court ruled that pursuant to *Smith, Bassett &c. v. Word of God Ministries*, 234 Ga. App. 263 (506 SE2d 427) (1998), Daniels could still pursue his attorney fees lien, and vacated the dismissal of the case.

Subsequently, after an evidentiary hearing, the trial court ruled that Daniels was entitled to recover on his lien. The court found that Daniels had established that he had expended efforts in the case with a value exceeding the amount of attorney fees he claimed, and that the Taylors, the original tort claim defendant Anderson, and Howe & Associates were jointly and severally liable for the fees, with each Taylor "only being jointly and severally responsible for the fees in his or her particular matter, as each [Taylor] had a separate fee contract with Attorney Daniels." Thus, the court ordered that Daniels was entitled to a joint and several judgment in the amount of $1,000 against Nikki Taylor, defendant Anderson, and Howe & Associates,

and a separate joint and several judgment in the amount of $6,000 against William Taylor, defendant Anderson, and Howe & Associates. This appeal followed.

Howe & Associates enumerated only two errors. First, the firm argues that the trial court erred by permitting Daniels to reopen the case and assert his allegedly non-existent attorney's lien after Howe & Associates had settled the case and filed a voluntary dismissal of the action, and, second, that the trial court erred by doing so because Daniels had no standing to assert the lien in a dismissed case from which he had been discharged before the settlement. We disagree and affirm.

1. Howe & Associates's contention that the trial court had no authority to reopen the case is without merit. The Code section applicable to attorney's liens in this State provides:

> Upon actions, judgments, and decrees for money, attorneys at law shall have a lien superior to all liens except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied. Attorneys at law shall have the same right and power over the actions, judgments, and decrees to enforce their liens as their clients had or may have for the amount due thereon to them.

OCGA § 15-19-14 (b). This "special, or charging, lien is the equitable right of [an] attorney to recover his fees and costs due him for his services, and may be satisfied out of the judgment obtained by his professional services." *Law Office of Tony Center v. Baker*, 185 Ga. App. 809 (366 SE2d 167) (1988). This Code section "provides for a lien in favor of an attorney against judgments or funds recovered for the attorney's client, to secure the fee earned by the attorney." *Greer, Klosik & Daugherty v. Yetman*, 269 Ga. 271, 274 (1) (496 SE2d 693) (1998).

Although merely retaining counsel to prosecute a claim does not give rise to an attorney's lien upon the cause of action, *Winslow Bros. Co. v. Murphy*, 139 Ga. 231, 234 (77 SE 25) (1913), the lien is "fixed as soon as the suit [is] filed, and could not be divested by any settlement or contract, it matters not by whom the settlement may have been made or attempted." *Payton v. Wheeler*, 13 Ga. App. 326, 328 (79 SE 81) (1913). Even though our Supreme Court held in *Brown v. Ga., Carolina &c. R. Co.*, supra, 101 Ga. at 83, that an attorney's lien did not attach to the cause of action, but "only arises upon the institution of the suit," the court also held in *Brown* that the proper remedy in this circumstance would be to move the court to vacate a dismissal and seek to reinstate the original action. Id. See also *Smith, Bassett*

&c. v. *Word of God Ministries*, supra, 234 Ga. App. at 264 ("Plaintiff's attorney could have preserved his lien by moving to vacate the original judgment and reviving the original action, even after the settlement.") (citation omitted). The statement in *Brown* that the lien did not attach to the cause of action was explained by the Court of Appeals decision in *Ga. R. & Elec. Co. v. Crosby*, 12 Ga. App. 750 (78 SE 612) (1913):

> Unquestionably no lien in favor of the attorney at law attaches to the cause of action, — that is, to the cause of action before the suit is filed; but upon the institution of a suit on the cause of action the attorney's lien attaches to the suit, which necessarily includes the cause of action. A cause of action can be settled by the parties before a suit thereon is filed, but after the suit has been filed, the suit and cause of action become one in substance, and neither the suit nor the cause of action thereafter can be settled so as to defeat the lien of the attorney. It is manifest that the attorney could not have a lien on a suit, unless the suit set forth a cause of action; and neither could he enforce such a lien unless the cause of action had been proved by the evidence, under the law applicable thereto.

Id. at 752. Any other interpretation would render meaningless the statement in OCGA § 15-19-14 (b) that "no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied."

This situation is analogous to that presented when plaintiffs attempt to dismiss their complaints after a court has announced its intention to rule against them. In such cases, although the plain language of OCGA § 9-11-41 (a) would allow plaintiffs to do so, an announcement by a trial judge of a decision that will terminate a civil case, though not reduced to writing and entered, precludes the filing of a voluntary dismissal. *Jones v. Burton*, 238 Ga. 394, 396 (1) (233 SE2d 367) (1977). In such cases, the trial courts routinely set aside the dismissals and reinstate the actions to effect the announced decision. See, e.g., *Leary v. Julian*, 225 Ga. App. 472, 473-474 (1) (484 SE2d 75) (1997); *Hannula v. Ramey*, 177 Ga. App. 512 (1) (339 SE2d 735) (1986). In a similar manner, the existence of the OCGA § 15-19-14 (b) attorney's lien prevents a plaintiff from filing an effective dismissal of the complaint sufficient to defeat that lien, and allows the trial court to vacate the dismissal, revive the original action, and preserve the lien.

Because the trial court did not "reinstate" the action, but instead vacated the dismissal, Howe & Associates's arguments relying upon

the lack of authority to reinstate a previously dismissed case are without merit. See *Villani v. Edwards*, 251 Ga. App. 293 (554 SE2d 184) (2001); *Matthews v. Riviera Equip.*, 152 Ga. App. 870 (264 SE2d 318) (1980).

2. Howe & Associates's contention that Daniels lacked standing to assert the lien because he had been discharged before the settlement is without merit for the reasons stated in Division 1. Howe & Associates's further argument that the trial court erred by finding it jointly and severally liable with the Taylors was not enumerated as error and, consequently, is not properly before this court. *Ailion v. Wade*, 190 Ga. App. 151, 155 (3) (378 SE2d 507) (1989); *Sanders v. Hughes*, 183 Ga. App. 601, 604 (4) (359 SE2d 396) (1987). In any event, their additional, nonenumerated argument contending that the contingency fee contract could not be enforced has no merit because the trial court did not award Daniels fees based upon a contingent fee contract. The trial court's order plainly shows that the award was based upon Daniels's hourly fee and sufficient proof of his work, and we must accept the trial court's findings because some evidence supports the award. *Hill v. Centennial/Ashton Properties Corp.*, 254 Ga. App. 176, 178 (3) (561 SE2d 853) (2002).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 28, 2005 —
RECONSIDERATION DENIED JULY 12, 2005 — ▮▮▮▮▮▮▮▮

*Scott M. Stevens*, for appellant.
*Daniels & Taylor, Jerry A. Daniels, Tony A. Taylor*, for appellee.