S05G1913. HOWE & ASSOCIATES, P.C. v. DANIELS.

(631 SE2d 356)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Howe & Assoc. v. Daniels*, 274 Ga. App. 312 (618 SE2d 42) (2005), to inquire whether an attorney's lien was correctly enforced even though the former client had settled and dismissed the underlying lawsuit. For the reasons which follow, we answer in the affirmative and we affirm the judgment of the Court of Appeals.

Nikki and William Taylor filed a personal injury action arising from an automobile collision. The Taylors retained appellee Jerry A. Daniels to represent them in the matter pursuant to a contingent fee contract which provided for compensation to Daniels on an hourly basis in the event the Taylors were to terminate the contract. Over the next three years, Daniels filed a lawsuit on behalf of the Taylors, conducted discovery, participated in mediation, attended settlement conferences, and ultimately negotiated a settlement of the action. The Taylors, however, rejected the proposed settlement, discharged Daniels, and retained appellant Howe & Associates as new counsel.

During the pendency of the tort action, Daniels filed an attorney's lien seeking to recover $7,000 in legal services rendered pursuant to the fee contract with the Taylors. All interested parties were served. Several months later, the Taylors settled their tort claim for $50,000. Those funds were distributed, and a voluntary dismissal without prejudice was filed but Daniels' lien was not satisfied. The trial court then ordered that the case be closed.

The next month, Daniels moved to reopen the case for purposes of foreclosing his lien. After an evidentiary hearing at which Daniels established the value of the services he rendered to the Taylors, the trial court entered orders vacating the dismissal of the tort action and granting the motion to foreclose. The court ordered a joint and several

judgment against the Taylors, Howe & Associates, and the tortfeasor, in the aggregate amount of $7,000. The Court of Appeals affirmed. *Howe & Assoc.*, supra.

Howe & Associates argues that the trial court lacked authority to vacate a voluntary dismissal. In a well-reasoned opinion, the Court of Appeals applied controlling statutory law and case authority in determining that Daniels is entitled to vacate the dismissal of the tort action in order to receive the value of the legal services he expended on behalf of the Taylors based on the written fee contract between them, and his offer of proof of the time expended. *Howe & Assoc.*, supra.

The relevant statute, OCGA § 15-19-14 (b), confers upon an attorney at law the right to impose a lien "[u]pon actions, judgments, and decrees for money," and prevents the satisfaction of such an action, judgment, or decree "until the . . . claim of the attorney for his fees is fully satisfied." The lien "arises upon the institution of the suit," *Brown v. Georgia, C. & N. R. Co.*, 101 Ga. 80, 83 (28 SE 634) (1897); it is "fixed as soon as the suit is filed and [may] not be divested by any settlement or contract, it matters not by whom the settlement may have been made or attempted." (Punctuation omitted.) *Howe & Assoc.*, supra at 314, quoting *Payton v. Wheeler*, 13 Ga. App. 326, 328 (79 SE 81) (1913). "[A]fter suit has been filed it can not be settled so as to defeat the lien of the attorney for his fees."[1] *Georgia R. & E. Co. v. Crosby*, 12 Ga. App. 750, 752 (78 SE 612) (1913). Thus, Daniels was entitled to an attorney's lien which attached upon his filing of the tort action on behalf of the Taylors. *Brown*, supra.

The question then remains whether the trial court was authorized to vacate the dismissal of the tort action so that Daniels may enforce his lien. In this regard, *Brown*, supra, is dispositive. There a plaintiff entered into a contingent fee agreement with an attorney who filed suit on plaintiff's behalf for injuries sustained as a result of the alleged negligent operation of the railroad. On the day of trial, plaintiff could not be located and counsel was forced to proceed in his absence. After counsel introduced plaintiff's evidence, the claim was nonsuited upon motion by defendants. Plaintiff's counsel thereafter renewed the suit and during discovery, learned that their client had entered into a settlement with the defendants one year earlier without counsel's knowledge or consent. Defendants answered the renewed complaint and pleaded a release and discharge of all defendants by virtue of the settlement between the parties. Plaintiff's attorneys petitioned the court to allow prosecution of the renewed

---

[1] Interpreting Civil Code (1910), § 3364, par. 2, a predecessor to OCGA § 15-19-14 (b), which contained virtually identical language.

suit to termination so that they may recover their attorney fees; defendants objected on the ground that plaintiff's attorneys had no lien on the renewed action. The case went to trial and a verdict was entered for plaintiff for attorney fees. Defendants were granted a new trial.

The *Brown* Court first recognized that under the Civil Code then in effect,[2] "no lien attaches in favor of the attorney at law to the cause of action, but it only arises upon the institution of the suit . . . and hence when for any reason the suit is finally disposed of, the lien is discharged." Id. at 83. Applying that Code section, the Court reasoned that when the second suit was instituted, plaintiff no longer had a cause of action because it had been extinguished by the settlement with the defendants. "The plaintiff having no cause of action, there was nothing upon which to predicate a suit." Id. at 84. Thus, "[t]he attorneys could have no right growing out of the second suit, unless that right was predicated upon some right of their client; and inasmuch as all of [the client's] rights had been extinguished by the compromise, no right accrued in favor of his attorneys." Id. The *Brown* Court, however, explained the remedy available to an attorney to prosecute a lien which arises upon the institution of a viable lawsuit:

> The settlement by the client with his adversary pending the original suit would not have had the effect to discharge the lien of the attorneys at law *upon that suit, and notwithstanding the settlement, [the attorneys] would have been entitled to prosecute it to judgment for the purpose of recovering fees.* The plaintiff was entitled, however, under the law, to make such a settlement affecting his own interest as he saw proper. The law, however, preserved his action and gave to the attorneys the power to prosecute that action for the recovery of their fees. Upon the trial of the suit first instituted, a nonsuit was awarded; and *inasmuch as [the attorneys] did not move the court to vacate the judgment of nonsuit and reinstate the original action, but elected instead to bring a new suit,* the judgment of nonsuit was as effectual to extinguish their right as though a final judgment upon the merit had been rendered against them. It ended that suit. When the second suit was instituted the plaintiff had no cause of action.

---

[2] The applicable Code section also contained language virtually identical to present OCGA § 15-19-14 (b).

(Emphasis supplied.) Id. at 83. Thus, the attorneys in *Brown* would have been able to prosecute their lien upon the original suit had they moved "to vacate the judgment of nonsuit and reinstate the original action." Id. Because they failed to do so, but instead filed the second suit upon which Brown had "no cause of action," id., there was nothing upon which their lien would attach. In contrast to *Brown*, Daniels' lien attached to the viable lawsuit against the tortfeasor. Thus, *Brown* supplied Daniels with the appropriate remedy — he correctly moved the trial court to vacate the dismissal and reinstate the original action for the purpose of prosecuting his lien. As the Court of Appeals observed in *Howe & Assoc.*, supra at 315, "[a]ny other interpretation would render meaningless the statement in OCGA § 15-19-14 (b) that 'no person shall be at liberty to satisfy such an action, judgment or decree until the lien or claim of the attorney for his fees is fully satisfied.' " See also *Nodvin v. Fabian*, 153 Ga. App. 716 (266 SE2d 253) (1980); *Smith, Bassett &c. v. Word of God Ministries*, 234 Ga. App. 263 (506 SE2d 427) (1998) (an attorney's lien on real property brought pursuant to OCGA § 15-19-14 (c) was not extinguished by dismissal of the underlying suit after settlement by the parties).

Howe & Associates' reliance on *Villani v. Edwards*, 251 Ga. App. 293 (1) (554 SE2d 184) (2001), is misplaced. Under those circumstances, the trial court correctly refused to reinstate an action after settlement and dismissal with prejudice to allow a former attorney to file an attorney's lien. Citing *Brown*, supra, the *Villani* court determined that the lien attached to the suit; however, unlike Daniels, Villani had not filed the lien prior to the dismissal of the suit. Thus, the court determined that "a final disposition of the suit was made discharging, as a matter of law, any possible attorney's lien attorney Villani might have been able to establish." Id. at 294. In addition, there was no enforceable fee contract between Villani and his former client. "If the parties do not create a complete and binding agreement, the courts are powerless to do it for them, or afford a remedy for a breach." (Punctuation omitted.) Id.[3]

In the present case, Daniels asserted his lien pursuant to a fee agreement which specified the manner in which he was to be compensated for his services. The notice of lien was filed during the pendency of the underlying lawsuit and prior to the settlement, with

---

[3] Howe & Associates also asserts that the Court of Appeals erroneously based its decision on authority holding that an announcement by a trial judge of its intention to rule precludes the filing of a voluntary dismissal, despite the language of OCGA § 9-11-41 (a). See, e.g., *Jones v. Burton*, 238 Ga. 394 (1) (233 SE2d 367) (1977); *Hannula v. Ramey*, 177 Ga. App. 512 (1) (339 SE2d 735) (1986). A proper reading of *Howe & Assoc.*, supra, however, shows that the court merely "analogized" to that line of authority. Id. at 315.

service on all interested parties. Thus, the trial court acted within its authority in vacating the dismissal of the underlying action to allow Daniels to prosecute his attorney's lien.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 2006 —
RECONSIDERATION DENIED JULY 17, 2006.

*Howe & Associates, Scott M. Stevens*, for appellant.
*Daniels & Taylor, Tony A. Taylor*, for appellee.