## A09A1523. CARRAGHER v. POTTS.
(686 SE2d 348)

BERNES, Judge.

In this action to set aside an attorney's lien on real property, attorney Joseph A. Carragher, Jr., appeals the trial court's grant of summary judgment in favor of the property owner, Andrew Potts. The trial court's decision concluded that the attorney's lien was unenforceable since it was not timely filed prior to the settlement and dismissal of the underlying action in which the attorney fees had accrued. Because the trial court misapplied the statutory provisions of OCGA § 15-19-14 and conflicting evidence was presented to preclude the entry of summary judgment on Potts's claim, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Jones v. Wellon*, 237 Ga. App. 62 (514 SE2d 880) (1999).

So viewed, the undisputed facts in this case establish that Carragher, a licensed attorney, represented Potts's wife in an underlying lawsuit involving three parcels of real property. Carragher and Potts's wife entered into a Legal Representation Agreement, providing that Carragher would be paid attorney fees for his services on a contingency basis in an amount equal to 40 percent of the recovery in the lawsuit. The underlying lawsuit was settled in favor of Potts's wife, allowing her to recover full ownership of the subject properties on September 12, 2006. Following her recovery, Potts's wife conveyed the properties to Potts by quitclaim deed on September 21, 2006. Thereafter, on or about October 12, 2006, Carragher filed a "Claim

of Attorney's Lien" against the properties pursuant to OCGA § 15-19-14 (c) and (d) to collect unpaid attorney fees accrued during the underlying lawsuit.

Potts filed the instant action, seeking to set aside the lien and to clear title to the property. In the action, Potts filed a motion for summary judgment, contending that the lien was unenforceable since it was untimely filed, he was a bona fide purchaser without notice of the lien, equitable estoppel barred enforcement, and the lien failed to set forth a specific amount and due date. The trial court granted Potts's motion, finding that the lien was untimely filed after the settlement and dismissal of the underlying lawsuit and, therefore, was unenforceable.

1. (a) Carragher contends that the trial court erred in its analysis and conclusion that the lien had been extinguished. We agree.

Carragher's attorney's lien against the real property in this case was established under the provisions of OCGA § 15-19-14 (c), which provides:

> Upon all actions for the recovery of *real or personal property* and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien for their fees on the property recovered superior to all liens except liens for taxes, which may be enforced by mortgage and foreclosure by the attorneys at law or their lawful representatives as liens on personal property and real estate are enforced. The property recovered shall remain subject to the liens unless transferred to bona fide purchasers without notice.

(Emphasis supplied.) An attorney's lien under this provision arises upon the attorney's employment and is perfected by the ultimate recovery in favor of his client. *Molloy v. Hubbard*, 48 Ga. App. 820, 821 (173 SE 877) (1934). Our state appellate courts have further held that "the attorney's lien created under OCGA § 15-19-14 (c) attaches to the fruits of the labor and skill of the attorney, whether realized by judgment or decree, or by virtue of an award, or in any other way, . . . includ[ing] settlement." (Citation, punctuation and emphasis omitted.) *Smith, Bassett, Purcell & Koenig v. Word of God Ministries*, 234 Ga. App. 263, 264 (506 SE2d 427) (1998) (hereinafter "*Smith*"). See also *Brotherton v. Stone*, 197 Ga. 74, 75 (3) (28 SE2d 467) (1943); *Middleton v. Westmoreland*, 164 Ga. 324, 329 (1) (138 SE 852) (1927). An attorney's lien on real property recovered by means of a settlement agreement successfully procured through the attorney's labor is not extinguished by the dismissal of the action brought to recover that property. See *Smith*, 234 Ga. App. at 264.

It is undisputed that the subject property in this case was

recovered pursuant to the settlement of the underlying lawsuit and was obtained as a result of Carragher's legal services.[1] As such, the attorney's lien fell within the parameters of OCGA § 15-19-14 (c) and was not extinguished upon the dismissal of the underlying lawsuit. See *Smith*, 234 Ga. App. at 264.

The trial court nevertheless relied upon the decisions of *Howe & Assoc., P.C. v. Daniels*, 280 Ga. 803 (631 SE2d 356) (2006), and *Villani v. Edwards*, 251 Ga. App. 293 (554 SE2d 184) (2001), in support of its conclusion that the lien was extinguished by the settlement and dismissal of the underlying lawsuit. It is true that these decisions hold that "no lien attaches in favor of the attorney at law to the cause of action, but it only arises upon the institution of the suit and hence when for any reason the suit is finally disposed of, the lien is discharged." (Citation and punctuation omitted.) *Howe & Assoc., P.C.*, 280 Ga. at 805. See also *Brown v. Ga., Carolina & Northern R. Co.*, 101 Ga. 80, 83 (28 SE 634) (1897); *Villani*, 251 Ga. App. at 294 (1). Significantly, however, these cases are distinguishable since their rulings were based upon an interpretation of the provisions of OCGA § 15-19-14 (b), which by its terms applies to "actions, judgments, and decrees for money." To the contrary, in this case, the lien pertains to "the recovery of real . . . property" governed distinctly by subsection (c) of the statute. See OCGA § 15-19-14 (c). As explained in *Smith*, because *Brown* and its progeny, including *Howe & Assoc., P.C.* and *Villani*, "did not involve a lien arising under the same subsection of the statute governing the lien in this case," their rulings are inapplicable here. *Smith*, 234 Ga. App. at 263-264. Instead, this case is controlled by subsection (c) of the statute and, therefore, the precedent of *Smith* pertinently applies to require a conclusion that the lien on the real property was not extinguished by the settlement and dismissal of the underlying lawsuit. Id.

(b) Potts's claim that he was not a party to the underlying lawsuit and the Legal Representation Agreement between Carragher and his wife also affords no basis for relief. Because Carragher filed his claim of lien within 30 days after the property was recovered in the settlement, the lien was also governed by the provisions of OCGA § 15-19-14 (d), providing that "[i]f an attorney at law files his assertion claiming a lien on property recovered in an action insti-

---

[1] Although Potts points out that the settlement agreement from the underlying lawsuit has not been included in the record in this case, he does not assert that no settlement of that lawsuit occurred. Potts acknowledges that numerous references to the settlement have been made in the pleadings for this case; indeed, an express reference to "that settlement agreement and mutual release" was made in the quitclaim deed conveying the property to Potts's wife, which Potts attached as an exhibit to his motion.

tuted by him, within 30 days after a recovery of the same, his lien shall bind all persons." Based upon this provision, Carragher's lien on the real property was binding against all persons, including Potts. See generally *Hester v. Chalker*, 222 Ga. App. 783, 784 (2) (476 SE2d 79) (1996) ("A properly filed attorney's lien binds all persons including future lienholders and purchasers for value.").

(c) Potts further contends that the lien was unenforceable since he is a bona fide purchaser without notice of the lien within the meaning of OCGA § 15-19-14 (c). But, because conflicting evidence was presented as to this issue, the entry of summary judgment was unauthorized.

While Potts and his wife both submitted affidavits stating that they had not been informed of the claim of lien before the property was transferred to Potts on September 21, 2006, Carragher submitted an affidavit with a copy of a letter that had been faxed to Potts's wife on September 20, 2006 prior to the transfer informing her of his intention to file the claim of lien. Carragher further attested that he met the Pottses at the closing that took place the next day, and they both confirmed that they had received the faxed letter. In addition, as part of the transaction transferring the property to Potts, the bank lender required Carragher to execute a Subordination Agreement that acknowledged the existence of the lien, provided that the lien would be subordinate to the new loan and security deed, and further specified that "[a]ny attorney lien rights now held by [Carragher] shall remain otherwise in full force and effect." This evidence indicates that Potts may have been aware of the lien prior to the property transfer, and presents a genuine issue for jury resolution as to whether Potts could be deemed as a bona fide purchaser without notice of the lien. See *Wilson v. Wright*, 72 Ga. 848, 849-850 (1884).

(d) Potts also claims that equitable estoppel precludes enforcement of the lien. This claim is also disputed by the evidence.

"In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." (Citation and punctuation omitted.) *Cobb County Rural Elec. Membership Corp. v. Bd. of Lights &c.*, 211 Ga. 535, 539 (2) (87 SE2d 80) (1955). "[T]he existence of estoppel is generally a question for the factfinder to resolve." *Solomon v. Barnett*, 281 Ga. 130, 132 (636 SE2d 541) (2006).

In support of his claim, Potts argues that Carragher participated in the transfer of the property by signing as a witness to the closing documents, including the warranty deed, and yet failed to provide notice of his claim of lien at that time. Asserting that he would not have acquired title to the property and agreed to be responsible for

the bank loans associated with his ownership if he had known of the claim of lien, Potts contends that he was misled to his injury and the lien should not be enforced. But as stated above, the evidence is conflicting as to whether Potts had received notice of the lien in advance of his acquisition of the property. Accordingly, summary judgment in Potts's favor as to this claim was precluded.

(e) Finally, Potts claims that the lien is unenforceable as a result of its failure to set forth a specific amount and due date.[2] This claim is without merit. The respective affidavits submitted by both Potts and his wife admit that the Legal Representation Agreement with Carragher provided for a contingency fee in the amount of 40 percent of any recovery in the lawsuit. Carragher's filed claim of lien further specified the value of the lien as 40 percent of the value of the property recovery. The specific amount of the contingency fee can be calculated upon determining the value of the property that was recovered, which became due at the time of that recovery. See, e.g., *Byrd v. Clark*, 170 Ga. 669 (153 SE 737) (1930) (ruling that the lien on property based upon a contract for a 40 percent contingency fee of all property recovered is perfected upon the client's recovery of the property).

Because the evidence presented did not establish without dispute that Carragher's attorney's lien was unenforceable as a matter of fact or law, the trial court's decision granting summary judgment in Potts's favor was erroneous.

2. Carragher has also filed a motion for contempt, requesting that sanctions be imposed against Potts based upon an alleged violation of Court of Appeals Rule 6, which pertinently provides that "[a]ll documents shall show copies have been furnished to opposing counsel. Service shall be shown by written acknowledgment, certificate of counsel or affidavit of server, to include the mailing address of all opposing counsel. Service shall be made before filing." Carragher contends that Potts did not serve the appellee's brief on the date reflected in his certificate of service. Potts responds that any delay in service of the brief was not intentional, but rather was simply an administrative mistake. While parties are obligated to strictly comply with the rules of this Court, the circumstances presented in this case do not reflect that the parties were harmed, that our consideration of the appellate issues has been impeded, or that sanctions are clearly warranted. Accordingly, the motion for contempt is denied.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

---

[2] Potts does not argue that the 40 percent contingency fee was unreasonable. Upon remand for trial, the factfinder must determine the reasonableness of the fee to support the fee recovery. See *Rowen v. Estate of Hughley*, 272 Ga. App. 55, 58-60 (2) (611 SE2d 735) (2005).

740

Decided November 3, 2009.

*Joseph A. Carragher, Jr.,* pro se.
*Troy R. Millikan,* for appellee.