42013. BENNETT v. CANNON et al.

ARGUED MAY 4, 1966—DECIDED OCTOBER 13, 1966.

*Hansell, Post, Brandon & Dorsey, C. Edward Hansell,* for appellant.

*Merrell Collier,* for appellees.

BELL, Presiding Judge. ■ The note was drawn payable "to the order of Henry L. de Give, Attorney for R. O. Cannon, Jacob B. Fannin and Dr. Charles F. Goosby" and was not indorsed by de Give to plaintiffs. Defendant contends that the amended petition failed to state a cause of action, because plaintiffs were not proper parties to sue on the note. This contention is without merit. *Code Ann.* § 109A-3—117 provides: "An instrument made payable to a named person with the addition of words describing him (a) as agent or officer of a specified person is payable to his principal but the agent or officer may act as if he were the holder. . ." Under *Code Ann.* § 109A-3—117 either the principal or the agent in his own name may enforce payment as a holder of the instrument. See *Code Ann.* § 109A-3—301 and the definition of "holder" in *Code Ann.* § 109A-1—201 (20). The trial court did not err in overruling defendant's renewed general demurrer.

On motion for summary judgment plaintiffs' attorney demonstrated by supporting affidavits that after commencement of the suit plaintiffs and defendant, by mutual agreement without the consent of the attorney, modified the terms of the note as to the amount and date of payment of installments upon the balance due, and defendant paid plaintiffs substantial sums in reduction of the balance. The attorney contends that in entering into the settlement agreement with plaintiffs, defendant obtained an extension of the time of payment of the note and thereby waived the defense of failure of consideration, of which he had knowledge at the time of the agreement. See, e.g., *Reeves Tractor &c. Co. v. Barrow*, 30 Ga. App. 420 (6) (118 SE 456).

"After suit has been filed upon a cause of action, the suit and cause of action must be treated as one, and there can be no substantial separation; and although the cause of action may be settled before the suit has been filed, after the filing of the suit no person, whether party litigant or third person, can settle the suit or the cause of action so as to defeat the lien of the attorney for his fees; and the attorney, notwithstanding any settlement of the cause of action, has the right to prosecute the suit, in the name of his client, for the recovery of his fees," *Pharr v. McDonald*, 180 Ga. 777, 782 (180 SE 844); *Georgia R. &c. Co. v. Crosby*, 12 Ga. App. 750 (78 SE 612); *Code* § 9-613 (2). Before the attorney can establish his right to contingent fees, he must first establish his client's right to recover against the defendant. For this purpose, he cannot resort to the compromise agreement to aid him in proving the client's right, for the compromise agreement is opposed to the client's right. In continuing prosecution of the case, Collier in effect denied the validity of the compromise, at least as to his interest in the case. He cannot now be heard to take the inconsistent position that the compromise was effective as a waiver of his adversary's defenses. Collier must establish the plaintiffs' right to recover on the state of facts existing before the cause of action was compromised. See *Rodgers v. Furse*, 83 Ga. 115, 123 (9 SE 669).

The trial court erred in granting summary judgment for plaintiffs.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*