## 59167. NODVIN v. FABIAN.

QUILLIAN, Presiding Judge.

This is an appeal by Fabian's attorney, Nodvin, from a dismissal of her suit against Ryan et al., over his objection. The suit which was dismissed was for the recovery of real and personal property allegedly taken fraudulently from Fabian by defendants. Fabian signed an employment contract with Nodvin to represent her to enjoin foreclosure of a property of her's, to recover property belonging to her, and to recover money fraudulently obtained from her. The agreed fee was $5,000 minimum for the foreclosure, $5,000 minimum for the recovery of money, and up to 40% of the value of any real property or money recovered. The agreement also provided that Fabian would not settle or compromise the suit without consulting Nodvin. Nodvin filed suit, obtained a temporary restraining order against the foreclosure, and proceeded with discovery and other actions in the case. About five weeks after the suit was commenced, Fabian, pro se, moved to dismiss it. Over Nodvin's objections that the dismissal was contrary to the terms of the contingent fee contract, the trial court granted the motion to dismiss. Nodvin filed an appeal.

The trial court erred in granting the motion to dismiss over the attorney's objection. " '[A]fter the filing of the suit no person, whether party litigant or third person, can settle the suit or the cause of action so as to defeat the lien of the attorney for his fees; and the attorney, notwithstanding any settlement of the cause of action, has the right to prosecute the suit, in the name of his client, for the recovery of his fees,' *Pharr v. McDonald,* 180 Ga. 777, 782 (180 SE 844); *Ga. R. & Elec. Co. v. Crosby,* 12 Ga. App. 750 (78 SE 612); Code § 9-613 (2)." *Bennett v. Cannon,* 114 Ga. App. 479, 481 (151 SE2d 828).

Factually distinguishable are *Brookhaven Supply Co. v. Rary,* 131 Ga. App. 310 (205 SE2d 885), holding that when a contingent fee client prevents the contingency from happening, the attorney can sue the client for the reasonable value of his services; *Haldi v. Allen,* 141 Ga. App. 414 (233 SE2d 478), where a contingent fee attorney who was discharged was not permitted to recover his fee

by a motion for the fee in the proceeding in which the fee was earned; and *White v. Aiken,* 197 Ga. 29 (28 SE2d 263), which did not involve a contingent fee and held that the court should insure an attorney receives reasonable compensation for his services if he is dismissed.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED JANUARY 8, 1980 — DECIDED FEBRUARY 18, 1980 — REHEARING DENIED MARCH 5, 1980.

*Marvin P. Nodvin,* for appellant.
*Evelyn Sisk Fabian, David Kell, Jr., James O. Wilson, Jr.,* for appellee.