## A10A0149. GEIGER et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

(699 SE2d 571)

DOYLE, Judge.

Richard and Katherine Geiger and Katherine's father, Jimmy Willoughby (collectively "the Appellants") filed suit against Georgia Farm Bureau Mutual Insurance Company ("GFB"), alleging numerous claims in connection with a $1,200,000 default judgment entered against Willoughby in a personal injury lawsuit, against which suit the Appellants contend GFB should have provided a defense. The trial court granted GFB's motion for summary judgment, which the Appellants now challenge. For the following reasons, we affirm in part and reverse in part.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Viewed in favor of the Appellants, the record before us shows that the Geigers owned a tract of land at 3647 Rockmart Road ("3647"), which they purchased in 2001 and which contained their main dwelling, and Willoughby began residing at that location in 2002. The Geigers subsequently purchased an adjacent parcel ("3738"), which contained a mobile home that the Geigers removed from the property as well as three outbuildings. One of those buildings was a concrete structure, which the Geigers refurbished for Willoughby's use; those repairs were completed in August 2004.

In September 2005, the Geigers purchased a farm-owner's insurance policy from GFB that provided general liability insurance and covered all of the Geigers' property, including the parcels previously known as 3647 and 3738 Rockmart Road and all the structures thereon. Richard Geiger was the named insured on the policy. The dwelling at 3647 was listed on the policy along with the three other structures, including the concrete structure at 3738. A rendering of the covered property attached to the policy included the Geigers' main dwelling and the concrete structure among other buildings.

In June 2006, nonparty Donald Olin Roberson was trimming tree limbs near the 3738 structure, and he was injured in a fall from

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

a ladder. Willoughby deposed that at the time of Roberson's fall, he was living at the main dwelling because the well at the 3738 property was dry. GFB initially paid Roberson the medical payment policy limit of $1,000, but later disclaimed liability for the injury upon inquiry by his attorney. Thereafter, Roberson filed a personal injury suit against Willoughby (the only individual present during the fall), who was personally served on January 8, 2008, at 3738; Roberson did not name the Geigers as defendants to the lawsuit.

Upon Willoughby's receipt of the complaint, Katherine Geiger contacted GFB regarding the Roberson lawsuit, and claims representative Teresa McLarty initially informed her that because Willoughby was not a covered insured, GFB would not provide a defense. On January 15, McLarty again contacted Katherine and stated that upon further investigation GFB had determined that Willoughby was covered under the policy and that GFB would answer the complaint. McLarty asked Katherine to provide her a copy of the complaint, which Katherine sent to McLarty via facsimile. Based on McLarty's assurances, Katherine cancelled a meeting she had scheduled with a private attorney with the understanding that GFB would be defending Willoughby. GFB, however, did not file any responsive pleading in the matter. Ultimately, a default judgment of $1,200,000 was entered against Willoughby in the Roberson case.

After entry of the default judgment, the Appellants filed a complaint against GFB, alleging bad faith, negligence, fraud, and breach of fiduciary duty for failure to provide coverage and defend Willoughby in the Roberson suit, and also alleging emotional distress as a result of GFB's actions.

1. The Appellants argue that the trial court erred by finding as a matter of law that the GFB policy did not include Willoughby as an insured and, thus, that GFB had no duty to defend him against the Roberson claim. Because a question of fact existed as to whether Willoughby was a member of the Geigers' household and, thus, whether he was an insured to whom GFB had a duty to defend, we reverse as to Willoughby's claims.

(a) "Construction and interpretation of a contract are matters of law for the court."[2]

> [I]n Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms. Thus, when faced with a conflict over coverage, a trial court must first determine, as a matter of

---

[2] (Punctuation omitted.) *Alea London Ltd. v. Woodcock*, 286 Ga. App. 572, 576 (2) (649 SE2d 740) (2007).

law, whether the relevant policy language is ambiguous. A policy which is susceptible to two reasonable meanings is not ambiguous if the trial court can resolve the conflicting interpretations by applying the rules of contract construction.[3]

We "consider the policy as a whole, to give effect to each provision, and to interpret each provision to harmonize with each other.... [A]ny ambiguities in the contract are strictly construed against the insurer . . . and insurance contracts are to be read in accordance with the reasonable expectations of the insured where possible."[4] "[A] word or phrase is ambiguous when it is of uncertain meaning and may be fairly understood in more ways than one."[5]

In its liability section, the farm-owner's policy at issue defines "insured" as "you," "[y]our spouse," and "[a]ny of your relatives who are members of your household. . . ." The "insured location" is defined as

a. The farm premises (including grounds and private approaches) and residence premises shown in the Declarations;

b. The part of other premises, or of other structures and grounds that is used by you as a residence and shown in the Declarations, or acquired by you during the policy period for your use as a residence;

·c. Any premises used by you in conjunction with the premises included in a. or b. above; [or]

d. Any part of a premises not owned by an insured but where any insured is temporarily residing. . . .

In another portion of the policy, "residence" is defined as a "dwelling, its grounds and its Other Structures. Residence also means the part of any other building used as a private residence but does not include any portion used for business purposes."

The trial court determined that Willoughby was not a member of the Geigers' household because he was living in a separate structure on the Geigers' property. The policy, however, specifically covers the concrete structure, but Willoughby is not listed as a named insured. Additionally, the term "household" is not defined in the policy.

---

[3] (Punctuation and footnotes omitted.) *Old Republic Union Ins. Co. v. Floyd Beasley & Sons, Inc.*, 250 Ga. App. 673, 675 (2) (551 SE2d 388) (2001).

[4] (Punctuation and emphasis omitted.) *Alea London Ltd.*, 286 Ga. App. at 576 (2).

[5] (Punctuation omitted.) Id. at 577 (2), n. 22.

(b) This Court previously has defined "a 'household' as a family living together and 'family' as a collective body of persons who live in one house or within the same curtilage and under one head or management."[6]

> To determine whether a relative is a resident of an insured's household, the aggregate details of the family's living arrangements must be considered. Of critical importance to such an analysis is whether the family members have established and maintained separate households under different managements.[7]

This Court treats such "[q]uestions of domicile and residence [as] mixed questions of law and fact [that] are ordinarily for a jury to determine."[8]

Here, the concrete structure into which Willoughby moved had its own sewer, water, power, and mailbox, but was covered by the farm-owner's policy, owned by the Geigers, and metered in Richard Geiger's name. Willoughby is considered disabled, but is able to drive and could come and go from the property as he pleased. Nevertheless, Katherine Geiger buys his groceries along with her own, prepares and provides most of his meals, and the Geigers pay most of his bills, regardless of whether Willoughby could reimburse them. Willoughby has resided in 3647 during two periods of time since the concrete structure was updated in 2004 because necessary repairs had rendered the structure uninhabitable. Most of Willoughby's furniture and clothing is located at the concrete structure, but some is housed at the Geigers' main dwelling, and he has given both street addresses as his own and receives mail at both locations. Willoughby's driver's license and tax returns list 3738 as his residence, but Katherine handles preparation of his taxes as well as the bulk of his other business affairs.

Based on those facts, as well as the fact that the concrete structure is clearly a covered structure under the farm-owner's policy, a question of fact exists as to whether Willoughby was a member of the Geiger household.[9]

---

[6] (Punctuation omitted.) *State Farm Fire &c. Co. v. Goodman*, 259 Ga. App. 62, 65 (3) (a) (576 SE2d 49) (2002).

[7] (Citations and punctuation omitted.) *Burdick v. Govt. Employees Ins. Co.*, 277 Ga. App. 391, 392 (1) (626 SE2d 587) (2006).

[8] Id. See also *Goodman*, 259 Ga. App. at 66 (3) (a) (determining that a question of fact existed as to whether the decedent's aunt, who was also the named insured, was maintaining a household with the decedent's nuclear family at the time of injury even though the aunt "was living elsewhere but maintaining a close connection with the premises").

[9] See, e.g., *Goodman*, 259 Ga. App. at 66 (3) (a); *Keene v. State Farm &c. Ins. Co.*, 114 Ga.

(c) The trial court's grant of summary judgment to GFB relies heavily on this Court's decision in *McCullough v. Reyes*,[10] which held that members of a nuclear family living in the rental property belonging to their in-laws were not part of the in-laws' "household" and were, therefore, not "insureds" under the policy. That case, however, includes several distinguishing circumstances, for instance (1) separate insurance policies for the two dwellings at issue, and (2) little to no interconnectedness of the management of the two families.[11] Thus, we do not find *McCullough* to be controlling in this case.

(d) Accordingly, because we hold that the trial court erred by determining as a matter of law that Willoughby was not a member of the Geiger household and thus not an insured under the GFB policy, we reverse the order granting summary judgment to GFB. Because a question remains as to whether Willoughby was an insured under the policy, the trial court's finding that GFB had no duty to defend him is also erroneous.[12]

2. The Appellants argue that the trial court erred by finding as a matter of law that the Geigers sustained no injury or damage from entry of the default judgment against Willoughby. We find no error by the trial court in dismissing the Geigers' claims against GFB. The Geigers were not parties to the Roberson lawsuit and therefore have not suffered damage as a result of GFB's alleged failure to defend Willoughby. Moreover,

> [i]t is well settled that mere failure to perform a contract does not constitute a tort. A plaintiff in a breach of contract case has a tort claim only where, in addition to breaching the contract, the defendant also breaches an independent duty imposed by law. This is true even in situations where the contract is breached in bad faith, where the courts have consistently held that punitive damages are not available because there has been no tort. Here, . . . all the duties [that the Geigers] complain[ ] were breached by [GFB] arise directly from, not independent of, [GFB's insurance policy]. . . . [I]n the absence of its contractual duties, [GFB] owed and breached no independent duty to [the Geigers].[13]

---

App. 625, 626 (2) (152 SE2d 577) (1966).

[10] 287 Ga. App. 483 (651 SE2d 810) (2007).

[11] See id. at 488-490 (3).

[12] See generally *Penn-America Ins. Co. v. Disabled American Veterans, Inc.*, 224 Ga. App. 557 (481 SE2d 850) (1997).

[13] (Footnotes omitted.) *ServiceMaster Co. v. Martin*, 252 Ga. App. 751, 754 (2) (556 SE2d 517) (2001).

YALE LAW LIBRARY

Thus, we affirm the trial court as to the grant of summary judgment on the Geigers' claims.

3. Based on our holding in Division 1, we do not address the Appellants' remaining enumerations with regard to Willoughby's claims against GFB.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 8, 2010 —
RECONSIDERATION DENIED JULY 29, 2010 — ▮▮▮▮▮▮

*McRae, Stegall, Peek, Harman, Smith & Manning, Julius W. Peek, Jr., Jackson B. Harris*, for appellants.

*James, Bates, Pope & Spivey, Duke R. Groover, Jeanna G. Fennell, Brinson, Askew, Berry, Seigler, Richardson & Davis, Mark M. J. Webb*, for appellee.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).