**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 29, 2012**

# In the Court of Appeals of Georgia

A12A0248. MCRAE, STEGALL, PEEK &Co. v. GEORGIA FARM    AD-012
    BUREAU MUTUAL INSURANCE CO.

ADAMS, Judge.

This appeal involves the assertion of an attorney's lien and three related

lawsuits: (1) the Roberson case, in which a $1.2 million default judgment was entered

against Jimmy Willoughby; (2) the Willoughby case, in which Willoughby and his

relatives brought suit against an insurance company for failing to provide a defense

in the Roberson case; and (3) the present case (the MSP case), in which Willoughby's

attorneys seek a declaratory judgment to enforce their attorney's lien in the

Willoughby case.[1] The provocative fact is that after the insurance company was sued

---

[1] The Willoughby case has already appeared in this Court. See *Geiger v. Georgia Farm Bureau Mut. Ins. Co.*, 305 Ga. App. 399 (699 SE2d 571) (2010). As of the time appellate briefs were filed herein, it was still pending in the trial court.

in the Willoughby case, it made a $690,000 payment directly to the plaintiff in the Roberson case, which, Willoughby's attorneys argue, violated their attorney's lien. In this – the MSP – case, following a bench trial, the trial court dismissed the attorneys' declaratory judgment action with prejudice, and the attorneys appeal. For the reasons stated below, we affirm.

> The parties agree that the standard of review for a bench trial is applicable:

> The court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them. The plain legal error standard of review applies where the appellate court determines that the issue was of law, not fact.

(Punctuation and footnotes omitted.) *Page v. Braddy*, 255 Ga. App. 124, 126 (564 SE2d 538) (2002). See also *Progressive Preferred Ins. Co. v. Aguilera*, 243 Ga. App. 442, 445-446 (2) (533 SE2d 448) (2000).

Appellant MSP – McRae, Stegall, Peek, Harman, Smith and Manning, LLP – does not challenge the procedural history recited by the trial court in its order. That order, the evidence below, and this Court's prior opinion in the Willoughby case show that Donald Roberson was injured on property occupied by Willoughby but owned and insured by Katherine and Richard Geiger (Willoughby's daughter and son-in-law). *Geiger*, 305 Ga. App. at 399-400. The Geigers had a farm-owner's

2

insurance policy from Georgia Farm Bureau Mutual Insurance Company (GFB) "that provided general liability insurance and covered all of [their] property." Id. at 399. In December 2007, Roberson filed suit against only Willoughby (not the Geigers) in Haralson County, and although Katherine Geiger contacted GFB and believed that GFB was going to defend her father, on March 26, 2008, Roberson obtained a $1.2 million default judgment against Willoughby, who was unrepresented. Plaintiff Roberson was represented in that case by Wright Gammon.

On May 20, 2008, MSP, on behalf of Willoughby and the Geigers, filed suit in Polk County against GFB "alleging bad faith, negligence, fraud, and breach of fiduciary duty for failure to provide coverage and defend Willoughby in the Roberson suit, and also alleging emotional distress as a result of GFB's actions," as well as claims for attorney fees under OCGA § 13-6-11 and punitive damages. *Geiger*, 305 Ga. App. at 400.[2] On July 23, 2009, the trial court granted summary judgment in favor of GFB on all claims. Id. at 399. On July 8, 2010, this Court affirmed summary judgment with regard to the Geigers because they "were not parties to the Roberson lawsuit and therefore have not suffered damage as a result of GFB's alleged failure

_____

[2] MSP also entered an appearance in the Roberson case on behalf of Willoughby for post-judgment proceedings.

3

to defend Willoughby." Id. at 403 (2). Nevertheless, this Court reversed summary judgment with regard to Willoughby on the ground that "a question of fact exists as to whether Willoughby was a member of the Geigers' household and, thus, whether he was an insured to whom GFB had a duty to defend. . . ." Id. at 402 (1) (b).[3] That case – Willoughby's tort claim against GFB for failure to defend him in the Roberson case – is still pending in Polk County. In July 2010, MSP gave GFB notice of its lien in that case.

On August 9, 2010, MSP filed the present action, the third case relevant to this appeal – its complaint for declaratory judgment regarding its lien in the Willoughby case. MSP also named Roberson as a defendant but later dismissed him. In its complaint, MSP seeks declaratory relief pursuant to OCGA § 9-4-1 in several forms, including: (1) that any satisfaction of the judgment in the Roberson case does not extinguish Willoughby's claims for relief in the Willoughby case; (2) that the Willoughby case "arose" when his assets were exposed to liability for the default judgment in the Roberson case; (3) that Willoughby's damages in the Willoughby case were at least $1.2 million plus interest subject to a credit for amounts GFB had

---

[3] GFB's petition for a writ of certiorari to the Supreme Court of Georgia was denied and this Court remitted the case to the trial court.

paid to satisfy the judgment in the Roberson case; (4) that MSP's lien attached to the Willoughby case upon filing and that it attached to any payment by GFB to satisfy the Roberson case, "just as though Mr. Willoughby had recovered from GFB in [the Willoughby case]; and (5) that GFB shall be liable to MSP and pay MSP its fees to satisfy its lien in the Willoughby case upon any payment by GFB to satisfy the judgment in the Roberson case.

But on November 24, 2010, over two years after entry of the default judgment in the Roberson case and while both the Willoughby and MSP cases were pending, and with no notice to MSP or Willoughby, GFB paid and Roberson's estate accepted $690,000 in satisfaction of the judgment entered in the Roberson case; and Roberson subsequently filed a full and final satisfaction "of the entire Judgment, specifically including but not limited to all costs, pre and post-judgment interest, and attorney's fees." Roberson's estate also fully released GFB of and from any and all possible claims and actions. GFB explained at a hearing that it made a "calculated business decision" to mitigate damages in the event that a jury in the Willoughby case determined that Willoughby was an insured under the Geiger policy and that GFB had therefore breached its duty to defend him in the Roberson case. After learning of the

payment, MSP amended its complaint in this case to include claims of conversion, punitive damages, and expenses of litigation.

Following an evidentiary hearing, the lower court dismissed the MSP case, essentially on the ground that MSP did not have a lien that pertained to the $690,000 payment made by GFB to Roberson. GFB also argued below that MSP had not presented a case with an actual or justiciable controversy under the Declaratory Judgment Act and that therefore the trial court lacked jurisdiction. We affirm on this later ground.

An attorney's lien on a claim for money, i.e., a "charging" lien, "is the equitable right of the attorney to recover his fees and costs due him for his services, and may be satisfied out of the judgment obtained by his professional services." *Law Office of Tony Center v. Baker*, 185 Ga. App. 809 (366 SE2d 167) (1988).[4] In Georgia, attorney charging liens are governed by statute in derogation of common law, see OCGA § 15-19-14 (b), and therefore the relevant Code section must be strictly construed. *Woodward v. Lawson*, 225 Ga. 261, 262 (2) (167 SE2d 660) (1969); *Hill v. Centennial/Ashton Properties Corp.*, 254 Ga. App. 176, 178 (2) (561

---

[4] Black's defines a "charging" lien as "An attorney's lien on a claim that the attorney has helped the client perfect, as through a judgment or settlement." Black's Law Dictionary (9th ed. 2009), lien.

6

SE2d 853) (2002). "Accordingly, the statute will not be construed so as to apply to any factual situation not strictly within its wording. [Cits.]" (Punctuation omitted.) *Baker*, 185 Ga. App. at 810.

The charging lien subsection provides that attorneys have liens upon "actions, judgments and decrees for money" and that no one may satisfy "such an action, judgment, or decree" until the lien or claim for fees is fully satisfied:

> Upon actions, judgments, and decrees for money, attorneys at law shall have a lien superior to all liens except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied. Attorneys at law shall have the same right and power over the actions, judgments, and decrees to enforce their liens as their clients had or may have for the amount due thereon to them.

OCGA § 15-19-14 (b). Thus, it is apparent and not in dispute that MSP has such a lien on the Willoughby case – a tort action against GFB for money damages for the alleged breach of GFB's duty to defend Willoughby in the Roberson case. MSP does not and never had a lien on the Roberson case; Wright Gammon represented Roberson, and MSP's only role in that case was to represent Willoughby in post-judgment proceedings.

7

MSP's primary argument on appeal is that GFB's payment to Roberson should be subject to its lien in the Willoughby case because the payment was made in response to its efforts in the Willoughby case, which may be true, and it was made for the benefit of Willoughby, whom they represent in the Willoughby case. MSP adds that GFB had notice of the lien and that the payment GFB made to Roberson improperly evaded MSP's lien in the Willoughby case. GFB counters that the payment it made settled the Roberson case, not the Willoughby case, and that therefore MSP's lien does not attach to the payment. For the reasons stated below, and setting aside the question of whether MSP's lien attaches to GFB's payment, we conclude that MSP's remedy is solely to be found in the Willoughby case, not in this declaratory judgment action. Therefore, the trial court's dismissal of the declaratory judgment action was correct, albeit for a different reason.

It is true that a charging lien is "'fixed as soon as the suit [is] filed, and [cannot] be divested by any settlement or contract, it matters not by whom the settlement may have been made or attempted.' *Payton v. Wheeler*, 13 Ga. App. 326, 328 (79 SE 81) (1913)." *Howe & Assocs., P.C. v. Daniels*, 274 Ga. App. 312, 314 (1) (618 SE2d 42) (2005), aff'd 280 Ga. 803 (631 SE2d 356) (2006). More specifically, "[a]fter suit has been filed it can not be settled so as to defeat the lien of the attorney for his fees.

8

[Cit.]" (Punctuation omitted.) *Howe & Assocs.*, 280 Ga. at 804. In that event, "notwithstanding the settlement, [the attorneys] [are] entitled to prosecute [the case] to judgment for the purpose of recovering [their] fees." Id. Moreover, in *Howe & Assocs.,* the Supreme Court made clear that the remedy in such a case must be pursued in the action to which the lien attaches. Id. As stated in the statute itself, attorneys "have the same right and power over the actions, judgments, and decrees to enforce their liens as their clients had or may have for the amount due thereon to them." OCGA § 15-19-14 (b). See also *Nodvin v. Fabian*, 153 Ga. App. 716 (266 SE2d 253) (1980).

For instance, if the case to which an attorney's lien has attached is settled and the case dismissed, the lien will be extinguished. *Howe & Assocs.*, 280 Ga. at 804. The attorney's remedy is to move to vacate the dismissal and reinstate the original action in order to prosecute it for the purpose of recovering the fee. Id. The attorneys are not authorized to bring a separate suit. Id.; *Woods v. Jones*, 305 Ga. App. 349, 353 (2) (699 SE2d 567) (2010). Thus, even assuming that GFB's payment to Roberson violated MSP's lien in the Willoughby case, which we do not decide, MSP's remedy is in the Willoughby case.

9

"The purpose of the Declaratory Judgment Act is 'to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.' OCGA § 9-4-1." *Drawdy v. Direct General Ins. Co.* 277 Ga. 107, 109 (586 SE2d 228) (2003). As stated by the Supreme Court,

> A declaratory judgment is authorized when there are "circumstances showing a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest. . . ." [Cit.] Where the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper[.]

*Baker v. City of Marietta*, 271 Ga. 210, 214 (518 SE2d 879) (1999). There is no valid claim where the rights of the parties have already accrued and there is no risk to the petitioner of future undirected action. Id. Thus, although relief by declaratory judgment is available even when the petitioner has other adequate legal or equitable remedy or remedies, OCGA § 9-4-2 (c), "'(a) declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be

10

raised and determined.' [Cit.]" *Southeast Service Corp. v. Savannah Teachers Properties*, 263 Ga. App. 513, 514 (588 SE2d 310) (2003).

In this declaratory judgment action, MSP seeks declarations regarding the viability of Willoughby's claims for relief in the Willoughby case; the date Willoughby's claims arose in that action; the amount of damages in that action, the date MSP's lien attached to the Willoughby case and to what it attached; and whether GFB is liable to satisfy MSP's lien in the Willoughby case. These are the same questions raised in the Willoughby case. MSP also asserts a claim for damages for GFB's alleged conversion of its attorney fee in the Willoughby case by making the payment to Roberson. But this claim is redundant with MSP's claim of lien, for which it may yet recover once liability under the lien is established in the Willoughby case. Cf. *Bennett v. Cannon*, 114 Ga. App. 479, 481 (2) (151 SE2d 828) (1966) ("Before the attorney can establish his right to contingent fees, he must first establish his client's right to recover against the defendant.").

Because the issues raised here are the same as those raised in the Willoughby case and because the rights of the parties in that case have already accrued, declaratory judgment is not available to MSP; therefore, under the right-for-any-reason rule, the trial court did not err by dismissing the case. See, e.g., *Pinnacle*

11

*Benning, LLC v. Clark Realty Capital, LLC*, 314 Ga. App. 609, 612 (724 SE2d 894) (2012). But because the dismissal should have been without prejudice, "we affirm the trial court's dismissal of [MSP's] complaint but remand for the entry of an order dismissing these counts without prejudice." Id. at 619 ("the involuntary dismissal of a declaratory-judgment action for want of justiciability does not operate as an adjudication on the merits and is instead an issue of subject-matter jurisdiction. Accordingly, dismissal must be without prejudice." (id. at 614)).

*Judgment affirmed and case remanded with direction. Barnes, P. J., and McFadden, J., concur.*