**SECOND DIVISION
BARNES P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 15, 2022**

# In the Court of Appeals of Georgia

A21A1730. WILLIS v. CHEELEY.

PIPKIN, Judge.

Appellee Joseph E. Cheeley, III, as executor of the estate of Joseph Elbert Cheeley, Jr., brought a declaratory judgment action against Appellant William Joseph Willis, as executor of the estate of Dorothy Cheeley Willis, seeking guidance regarding the delivery of a deed.[1] Appellant Willis now appeals the trial court's entry of judgment in Appellee Cheeley's favor, challenging, among other things, the trial court's jurisdiction to render a declaratory judgment in this case. For the reasons that follow, we vacate the declaratory judgment for Appellee Cheeley and remand for the trial court to dismiss this nonjusticiable action.

---

[1] Appellant Willis and Appellee Cheeley are cousins; Mrs. Willis and the elder Mr. Cheeley were siblings.

A review of the factual and procedural history of this case provides necessary context for the jurisdictional analysis that follows. In 2004, Joseph E. Cheeley, Jr., (the "Grantor") executed a warranty deed (the "Deed") which conveyed to Dorothy Cheeley Willis (the "Grantee") "a life interest should the grantor predecease the grantee" in property located in Buford, Georgia (the "Property"). The Deed was not recorded, and there is a dispute concerning its treatment. Appellee Cheeley asserts that the Deed was not delivered to the Grantee, while Appellant Willis counters that the Deed was delivered and that the Grantee agreed that the Grantor would store the Deed until his death, at which time it would be recorded.

The Grantor died in October 2013, and Appellee Cheeley and the Grantee were named co-executors of his estate. In the years since the Grantor's death, at least three legal actions have been filed in relation to the Property, including the one giving rise to this appeal. First, in January 2017, Appellee Cheeley, acting as co-executor of the Grantor's estate, filed a petition to quiet title and for declaratory judgment against the Grantee in her personal capacity (the "2017 superior court action"). The petition alleged that the Grantee claimed a life estate in the Property and sought to quiet title on the ground that the Deed was not delivered. The Grantee died in July 2017, before the case was resolved, and the case was dismissed without prejudice.

2

After Appellant Willis was named the executor of the Grantee's estate, he filed in the Probate Court of Gwinnett County a petition against Appellee Cheeley in his personal capacity and as executor of the Grantor's estate (the "probate court action"), claiming breach of fiduciary duty and seeking to recover the Grantee's litigation expenses arising from the 2017 superior court action. Pertinent here, the petition alleged that Appellee Cheeley "took the position that the [Deed] was never delivered to or accepted by" the Grantee and that Appellee Cheeley "refuses to honor the [Deed] or recognize [the Grantee's] (or the [Grantee's] Estate's) interest in the [Property], and instead maintains that the [Property] is an unencumbered asset of the [Grantor's] Estate[.]" The petition further asserted that the Grantee "was deprived of the quiet enjoyment of her life estate in the [P]roperty in which she had a legally protected interest." The probate court action has been stayed pending resolution of this case.

Meanwhile, Appellee Cheeley initiated the instant declaratory action in the Superior Court of Gwinnett County, again raising the issue of the Deed's delivery. The trial court ultimately entered summary judgment in his favor, finding that the Deed was not delivered, and this appeal followed.

1. With the factual and procedural history in mind, we turn now to Appellant Willis's contention that the dispute in this case does not amount to an actual, justiciable controversy.[2] The Declaratory Judgment Act, OCGA § 9-4-1 et seq., which governs proceedings like this one, "provides a means by which a superior court simply declares the rights of the parties or expresses its opinion on a question of law, without ordering anything to be done." (Citation and punctuation omitted.) *Baker v. City of Marietta*, 271 Ga. 210, 213 (1) (518 SE2d 879) (1999); see also OCGA § 9-4-2. In addition, an executor of an estate may seek declaratory relief to "determine any question arising in the administration of the estate[.]" OCGA § 9-4-4 (a) (3) (2018).[3] Whether declaratory judgment is sought under OCGA § 9-4-2 or § 9-4-4, an actual, justiciable controversy is a requisite antecedent to relief. See *Leitch*, 291 Ga. at 670 (1); *Cochran v. White*, 269 Ga. App. 182, 183-184 (1) (603 SE2d 509) (2004).

---

[2] Whether an action for declaratory relief presents a justiciable controversy implicates the trial court's subject matter jurisdiction and, contrary to Appellee Cheeley's assertion, cannot be waived. See *Sexual Offender Registration Review Bd. v. Berzett*, 301 Ga. 391, 392-393 (801 SE2d 821) (2017); see also *Abushmais v. Erby*, 282 Ga. 619, 622 (3) (652 SE2d 549) (2007) ("The court's lack of subject-matter jurisdiction cannot be waived and may be raised at any time either in the trial court, in a collateral attack on a judgment, or in an appeal.") (citation and punctuation omitted).

[3] OCGA § 9-4-4 (a) has been substantively revised, effective January 1, 2021, but because this action was filed in 2018, the 2018 version of the statute applies.

Because the purpose of declaratory relief "is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole," (Citation and punctuation omitted.) *Oconee Fed. S & L Assn. v. Brown*, 351 Ga. App. 561, 566 (2) (a) (831 SE2d 222) (2019), "[t]he proper scope of declaratory judgment is to adjudge those rights among parties *upon which their future conduct depends*," (Citation and punctuation omitted; emphasis supplied.) *Sexual Offender Registration Review Bd. v. Berzett*, 301 Ga. 391, 393 (801 SE2d 821) (2017). Indeed, our Supreme Court has cautioned that a declaratory judgment "is not the proper action to decide all justiciable controversies," *Porter v. Houghton*, 273 Ga. 407, 408 (542 SE2d 491) (2001), and, moreover, "will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined," (Citation and punctuation omitted.) *McRae, Stegall, Peek, Harman, Smith & Manning, LLP v. Ga. Farm Bureau Mut. Ins. Co.*, 316 Ga. App. 526, 531 (729 SE2d 649) (2012). See also *Drawdy v. Direct Gen. Ins. Co.*, 277 Ga. 107, 109 (586 SE2d 228) (2003) ("[D]eclaratory judgment is not available to a party merely to test the viability of its defenses."). Thus, where a party seeking declaratory relief fails to show that he faces uncertainty or insecurity as to his future

5

conduct, the action must be dismissed; "otherwise, the trial court will be issuing an advisory opinion, and the Declaratory Judgment Act makes no provision for a judgment that would be 'advisory.'" (Citation omitted.) *Baker*, 271 Ga. at 214 (1).

In the case at hand, Appellee Cheeley alleged in his complaint that an "actual controversy" arose between the parties "regarding the rights and legal relation of the [P]roperty regarding the delivery of the [Deed]." The complaint, however, is silent as to what the "actual controversy" is. In fact, the complaint does not offer any indication as to why the Deed's delivery is of consequence or identify any future conduct upon which resolution of the delivery issue depends given that Appellee Cheeley is in possession of the Property, the Grantee is deceased, and the parties apparently agree that the Deed conveyed, if anything, a life estate that terminated at the Grantee's death.

Nor do Appellee Cheeley's conclusory arguments on appeal, unsupported by citation to the record, add clarity to what the "actual controversy" might be. Though Appellee Cheeley asserts that declaratory judgment is proper because he faces uncertainty in the distribution of the Grantor's estate – specifically, whether he may "distribute the estate without consideration of the Willis-Estate-creditor's claim" – he does not explain, and we do not discern, what the "Willis-Estate-creditor's claim"

6

might be or how determination of the Deed's delivery will impact either resolution of that nebulous claim or, more generally, distribution of the Grantor's estate.[4] In short, while Appellee Cheeley has established that the parties disagree whether the Deed was delivered,[5] he has failed to show that resolution of that dispute "will have a legal effect on anything." *City of Atlanta v. Atlanta Independent School System*, 307 Ga. 877, 880 (838 SE2d 834) (2020) ("[T]he relief sought by a plaintiff [in a declaratory judgment action] must have some immediate legal effect on the parties' conduct, rather than simply burning off an abstract fog of uncertainty."); see also

---

[4] As this Court has admonished before, "a mere reference to a case citation to support a conclusory allegation is not the type of meaningful argument contemplated by our rules." *In re Estate of Burkhalter*, 354 Ga. App. 231, 236 (2) (a) n.31 (840 SE2d 614) (2020). See also *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) ("Rhetoric is not a substitute for cogent legal analysis, which is, at a minimum, a discussion of the appropriate law as applied to the relevant facts. . . . [A]ppellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument.") (citation and punctuation omitted).

[5] Despite the conspicuous absence of any mention of the probate court action in Appellee Cheeley's brief filed in this Court, it appears that the instant case is a vehicle by which Appellee Cheeley seeks to resolve matters central to the probate court action. But declaratory judgment is *not* available "merely to test the viability of [a party's] defenses," *Drawdy*, 277 Ga. at 109, and the trial court was without authority to render what amounted to an advisory opinion as to which party would prevail on the merits in the probate court action. See *City of Atlanta v. Atlanta Independent School System*, 307 Ga. 877, 880-881 (838 SE2d 834) (2020); *Baker*, 271 Ga. at 214 (1); *McRae*, 316 Ga. App. at 531.

7

*Norman v. Gober*, 292 Ga. 351, 354 (2) (737 SE2d 309) (2013) ("[E]xecutors may not seek direction on imaginary difficulties or from excessive caution or where the rights of the parties have already accrued and no uncertainty remains.") (citation and punctuation omitted). We conclude, therefore, that this case does not present an actual, justiciable controversy appropriate for declaratory relief. Accordingly, we vacate the decision of the trial court and remand this case for dismissal.

2. In light of our holding in Division 1, we decline to reach Appellant Willis's remaining enumerated errors.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Gobeil, J., concur.*