**FIFTH DIVISION**
**DILLARD, P. J.,**
**McFADDEN, P. J., and BROWN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 5, 2023**

# In the Court of Appeals of Georgia

A23A0548. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA v. BOZOVICH.

DILLARD, Presiding Judge.

Allison Bozovich sued Signature Day Spa, alleging that she was injured when one of Signatures's employees performed a Brazilian bikini wax on her. Thereafter, Travelers Casualty Insurance Company of America—which insured Signature—filed a declaratory judgment action to determine whether it had a duty to defend and indemnify the spa in Bozovich's underlying lawsuit. Bozovich moved to dismiss the declaratory-judgment action, and the trial court summarily granted her motion. Travelers now appeals, arguing the trial court (1) erred in dismissing its declaratory-judgment action because the policy exclusions applied to the allegations in Bozovich's complaint, and (2) improperly considered discovery responses at the

motion-to-dismiss stage. For the following reasons, we reverse the trial court's dismissal of the declaratory-judgment action, and we remand the case for further proceedings consistent with this opinion.

It is well established that we review the trial court's "grant of a motion to dismiss de novo."[1] Importantly, a motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.[2]

---

[1] *Dennis v. City of Atlanta*, 324 Ga. App. 659, 659 (751 SE2d 469) (2013) (punctuation omitted); *accord Love v. Fulton Cnty Bd. of Tax Assessors*, 311 Ga. 682, 683 (859 SE2d 33) (2021); *Stendahl v. Cobb Cnty.*, 284 Ga. 525, 525-26 (1) (668 SE2d 723) (2008).

[2] *Dennis*, 324 Ga. App. at 659 (punctuation omitted); *accord Stendahl*, 284 Ga. at 525-26 (1); *see* OCGA § 9-11-12 (b) (6) (providing that the defense to a claim for relief of "[f]ailure to state a claim upon which relief can be granted" may "be made by motion in writing").

And in deciding a motion to dismiss, all pleadings are to be "construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor."[3]

So viewed, the record shows that Bozovich filed suit against Signature, alleging that spa employee Phuong Dang severely injured her vaginal area during a July 2019 Brazilian bikini wax. Bozovich claimed that Signature (1) was negligent in (a) hiring, training, supervising, and retaining its employees; (b) failing to have the proper policies and procedures in place, and failing to follow proper procedures; (c) employing an unlicensed esthetician to perform waxing;[4] (d) engaging in practices exposing clients to harmful conditions; and (e) engaging in other negligent conduct; and (2) committed negligence *per se* due to its failure to adhere to the regulations of the Georgia State Board of Cosmetology and Barbers, as well as applicable state statutory requirements.[5]

---

[3] *Dennis*, 324 Ga. App. at 659 (punctuation omitted); *accord Stendahl*, 284 Ga. at 525-26 (1).

[4] Phuong Dang did not hold any certificate of registration or license to perform the services in question from the State of Georgia during the relevant time period.

[5] *See* OCGA § 43-10-1 (8) (defining esthetician); OCGA § 43-10-8 (a) ("It shall be unlawful for any individual to pursue barbering or the occupation of cosmetology in this state unless he or she has first completed the required hours for

3

During the relevant time period, Signature was insured by Travelers. The relevant policy covered occurrences of bodily injury, and it obligated Travelers to defend against any suit seeking damages for such an occurrence. The policy also provided an endorsement for beauty or spa professional services, which covers injuries due to treatment by an esthetician.[6] But importantly, the policy expressly excluded services performed by someone who is not licensed and conduct violating a statute or governmental rule or regulation. And based on these exclusions, Travelers filed this declaratory-judgment action, seeking to determine whether it had a duty to defend and indemnify Signature in Bozovich's lawsuit.[7]

---

and obtained the appropriate certificate of registration as provided in this chapter"); OCGA § 43-10-8 (e) (". . . any individual desiring to perform solely cosmetic skin care services shall be allowed to obtain a certificate of registration as an esthetician level upon completing the required hours therefor, which certifies that the holder thereof shall be authorized to perform some or all of the services mentioned in paragraph (8) of Code Section 43-10-1."); Ga. Comp. R. & Regs. r. 130-2-.07 (requiring estheticians to obtain a license).

[6] A person who performs waxing is an esthetician. *See* OCGA § 43-10-1 (8); *see also* Ga. Comp. R. & Regs. r. 130-3-.05 (b) (5) (iii) (outlining school curriculum for estheticians, including performing bikini waxing).

[7] Travelers defended Signature under a reservation of rights. *See Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 405 (730 SE2d 413) (2012) (noting that "[a] reservation of rights is a term of art in insurance vernacular and is designed to allow an insurer to provide a defense to its insured while still preserving the option of litigating and ultimately denying coverage."); *S. Trust Ins. Co. v. Mountain Express*

Bozovich moved to dismiss the declaratory-judgment action, arguing that her claims arose under the theory of premises liability based on Signature's own negligence in creating an unsafe environment, and therefore, the exclusions did not apply. Bozovich later supplemented her motion with Travelers's answers to her requests to admit. Specifically, she pointed to Travelers's response that she was seeking damages for negligent hiring, retention, supervision, and the failure to have proper policies in effect; and that the employee who performed the waxing was not a defendant in the underlying suit.

---

*Oil Co.*, 351 Ga. App. 117, 122 (828 SE2d 455) (2019) (explaining that a reservation of rights is designed to allow an insurer to provide a defense to its insured while still preserving the option of litigating and ultimately denying coverage). And having reserved its rights, Travelers has not waived its claim that it has no duty to defend. *See Mountain Express Oil Co.*, 351 Ga. App. at 122. Additionally, the duty to indemnify is separate and distinct from the duty to defend, and—because there is a question of whether the injuries here are covered by the policy—it is premature to consider any duty to pay. *See Fireman's Fund Ins. Co. v. Univ. of Ga. Athletic Assn.*, 288 Ga. App. 355, 364 (3) (654 SE2d 207) (2007) (noting that an insurer's duty to pay and its duty to defend are separate and independent obligations); *City of Atlanta v. St. Paul Fire & Marine Ins. Co.*, 231 Ga. App. 206, 208 (3) (498 SE2d 782) (1998) (same). Regardless, Travelers makes only a passing reference to the duty to indemnify, citing no case law applicable to that duty and focusing its argument instead on the duty to defend. And while Bozovich highlights the former in her brief, given Travelers's reservation of rights, focusing on this issue is misplaced at this time.

At a hearing on Bozovich's motion, Travelers argued the trial court could not consider discovery responses without converting the motion to dismiss into one for summary judgment, and that the exclusions applied because the underlying lawsuit and the declaratory-judgment action both pleaded that the employee who performed the waxing was unlicensed. Nevertheless, the trial court summarily granted the motion to dismiss the declaratory-judgment action, and this appeal follows.

1. Travelers first contends the trial court erred in granting the motion to dismiss because Bozovich cannot circumvent the policy exclusions simply by characterizing her claims as a premises-liability action. It further contends the trial court was required to take as true the allegation that the esthetician was unlicensed, as Bozovich alleged in the underlying lawsuit. We conclude the trial court erred in granting the motion to dismiss the declaratory-judgment action.

When coverage is in question, the insurer may seek a declaratory judgment to confirm its obligation to provide coverage and a defense.[8] And suffice it to say, the

_____

[8] *See S. Trust Ins. Co.*, 351 Ga. App. at 122-23 (noting that an insurer may file a declaratory-judgment action to preserve its defenses and protect itself from liability); *see also* OCGA § 9-4-2 (a) ("In cases of actual controversy, the respective superior courts of this state . . . shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed; and the declaration shall have the force and effect of a final judgment or decree and be

6

duty to defend is "determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy, even if groundless, the allegations of the complaint are looked to [in order to] determine whether a liability covered by the policy is asserted."[9] Thus, an insurer's duty to defend is "determined by comparing the allegations of the complaint with the provisions of the policy."[10]

In that regard, it is well established that "[c]onstruction and interpretation of a contract are matters of law for the court."[11] Indeed, in Georgia, insurance is "a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms."[12] Accordingly, when faced with a conflict over coverage, a trial

reviewable as such."); *City of Atlanta v. Atlanta Indep. School Sys.*, 307 Ga. 877, 879 (838 SE2d 834) (2020) (citing the Declaratory Judgment Act).

[9] *Lawyers Title Ins. Corp. v. Stribling*, 294 Ga. App. 382, 385 (670 SE2d 154) (2008) (punctuation omitted); *accord Great Am. Ins. Co. v. McKemie*, 244 Ga. 84, 85 (259 SE2d 39) (1979).

[10] *Fireman's Fund Ins. Co.*, 288 Ga. App. at 356 (punctuation omitted); *accord Batson-Cook Co. v. Aetna Ins. Co.*, 200 Ga. App. 571, 572 (409 SE2d 41) (1991).

[11] *Geiger v. Ga. Farm Bureau Mut. Ins. Co.*, 305 Ga. App. 399, 400 (1) (a) (699 SE2d 571) (2010) (punctuation omitted); *accord ALEA London Ltd. v. Woodcock*, 286 Ga. App. 572, 576 (649 SE2d 740) (2007); *see also* OCGA § 13-2-1 (providing, *inter alia*, that "[t]he construction of a contract is a question of law for the court . . . .").

[12] *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 614 (299 SE2d 561) (1983); *accord Sapp v. State Farm Fire & Cas. Co.*, 226 Ga. App. 200, 201 (486 SE2d 71)

court must "first determine, as a matter of law, whether the relevant policy language is ambiguous."[13] But a policy which is susceptible to "two reasonable meanings is not ambiguous if the trial court can resolve the conflicting interpretations by applying the rules of contract construction."[14] Significantly, we consider the "policy as a whole, to give effect to each provision, and to interpret each provision to harmonize with each other."[15] And when the policy would not provide coverage for the injury, there is no duty to defend.[16] With these guiding principles in mind, we turn now to Travelers's specific arguments on appeal.

---

(1997).

[13] *Geiger*, 305 Ga. App. at 400-01 (1) (a) (punctuation omitted); *accord Old Republic Union Ins. Co. v. Floyd Beasley & Sons, Inc.*, 250 Ga. App. 673, 675 (551 SE2d 388) (2001).

[14] *Geiger*, 305 Ga. App. at 401 (1) (a) (punctuation omitted); *accord Old Republic Union Ins. Co. v. Floyd Beasley & Sons, Inc.*, 250 Ga. App. 673, 675 (551 SE2d 388) (2001).

[15] *Geiger*, 305 Ga. App. at 401 (1) (a) (punctuation omitted); *accord ALEA London Ltd.*, 286 Ga. App. at 576; *see also* OCGA § 13–2–2(4) (providing that "the whole contract should be looked to in arriving at the construction of any part").

[16] *See Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 565 (490 SE2d 374) (1997) (holding that when the complaint sets forth true factual allegations showing no coverage, the insurer is excused from providing a defense); *Ga. Interlocal Risk Mgmt. Agency v. City of Sandy Springs*, 337 Ga. App. 340, 343 (1) (788 SE2d 74) (2016) (same).

(a) *Whether Bozovich can circumvent the policy by labeling her claims as arising under premises liability and negligent hiring.*

Travelers argues Bozovich cannot avoid the policy exclusions by framing her claims as arising under premises liability and negligent hiring. We agree.

The policy provides coverage for bodily injury "caused" by an "occurrence," which is defined as an act or omission by Signature or its employees in providing services. Although Bozovich characterizes her claims as negligent hiring, supervision, and training, and the failure to enact procedures, she nevertheless contends Signature's actions—including employing unlicensed estheticians—"caused" her injury. Additionally, her allegations directly relate to and involve the act of providing spa services. As a result, Bozovich's allegations constitute "occurrences" as defined in the policy. And given these circumstances, Signature's conduct falls within the insurance coverage regardless of the label given in the underlying complaint.[17] But this conclusion does not end our inquiry.

---

[17] *See Cont'l Cas. Co. v. H. S. I. Fin. Svcs*, 266 Ga. 260, 261-62 (466 SE2d 4) (1996) (concluding plaintiff could not bring suit for negligent hiring to avoid policy exclusions for employee's fraud); *see also Video Warehouse v. S. Trust Ins. Co.*, 297 Ga. App. 788, 791 (1) (678 SE2d 484) (2009) (explaining "arising out of" language excludes all claims regardless of the theory of tort liability); *Jenkins v. CLJ Healthcare, LLC*, 481 F Supp3d 1313, 1324-25 (III) (S.D. Ga. 2020) (holding that, under Georgia caselaw, a professional-services exemption in policy applied to

(b) *Whether the exclusions could possibly apply.*

We next consider whether any policy exclusion could possibly apply that would relieve Travelers of any duty to defend Signature. Significantly, we are mindful that this analysis is being done in the context of a motion to dismiss.[18] So, here, the policy contains two exclusions that Travelers claims would apply and relieve it of any obligation to defend Signature. The first exclusion provides that there is no coverage for professional services by "[a]ny person who is not licensed to provide such services, if the law requires a license to provide such services," and the second one provides that there is no coverage for "[t]he violation of any statute, or governmental rule or regulation."

With regard to the exclusion for unlicensed employees, both the underlying complaint and the declaratory action alleged that the esthetician was unlicensed. And importantly, under Georgia law, estheticians are required to be licensed to perform

negligence claim that arose out of injury).

[18] *See supra* note 2 & accompanying text.

such services.[19] It is unlawful, then, to employ an esthetician who does not hold a license.[20]

The parties spend considerable time arguing as to whether the esthetician was licensed in another state, despite the absence of any such evidence in the record. And although Georgia law allows for reciprocity for those licensed elsewhere, the statute nevertheless requires registration in Georgia.[21] Regardless, if the trial court intended

---

[19] *See* OCGA §§ 43-10-8 (a) ("It shall be unlawful for any individual to pursue barbering or the occupation of cosmetology in this state unless he or she has first completed the required hours for and obtained the appropriate certificate of registration as provided in this chapter"); 43-10-1 (9.1) ("'License' means a certificate of registration . . . issued by the board . . . permitting an individual to practice in an occupation[.]").); 43-10-9 (c) (1) (2019) (setting forth process to obtain certificate of registration); Ga. Comp. R. & Regs. r. 130-2-.07 (requiring license for estheticians).

[20] *See* OCGA § 43-10-19 (b) ("Any person who operates or manages a beauty shop . . . that employs an individual who does not possess a license as provided in this chapter shall be guilty of a misdemeanor."); OCGA § 43-10-1 (5) ("'Beauty shop' or 'beauty salon' or 'barber shop' means any premises where one or more individuals engage in barbering or in the occupation of a cosmetologist").

[21] *See* OCGA § 43-10-9 (c) (2) ("Notwithstanding any other provisions of this subsection, the board shall allow endorsement to an applicant who submits a complete application, along with a fee, and verification that he or she holds an active license or certificate of registration as an esthetician or an instructor or teacher of the occupation of an esthetician in another state or territory of the United States."); Ga. Comp. R. & Regs. r. 130-8-.01 (1) (providing requirements for licensing by reciprocity).

11

to consider that the esthetician was licensed, it would be considering evidence outside the complaint, which is improper at the motion-to-dismiss stage of these proceedings.[22]

So, on these facts and at this stage of the litigation, we simply cannot say as a matter of law that Travelers is *not* entitled to a declaratory judgment. And at the motion-to-dismiss stage, our review is limited to whether—considering the allegations in the complaint as true—there could be no evidence to support Travelers's claim.[23] In other words, we can only decide if the trial court should have rendered a declaratory judgment, "not how that declaratory judgment should have been rendered."[24] Based on the allegations in the underlying complaint, it is possible

---

[22] *See Johnson v. RLI Ins. Co.*, 288 Ga. 309, 309 (704 SE2d 173) (2010) (concluding "that the language of OCGA § 9-11-12 (b) requires a reviewing court to treat a motion to dismiss for failure to state a claim upon which relief can be granted as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court" (punctuation omitted)).

[23] *See supra* note 2 & accompanying text.

[24] *Allstate Ins. Co. v. Shuman*, 163 Ga. App. 313, 315 (1) (293 SE2d 868) (1982) (physical precedent only); *see S. Trust Ins. Co. v. Eason*, 134 Ga. App. 827, 829-30 (216 SE2d 667) (1975) (finding declaratory-judgment action was proper and not subject to dismissal); *Coleman v. Dairyland Ins. Co.*, 130 Ga. App. 228, 230 (202 SE2d 698) (1973) ("That there are disputed issues of fact to be determined relative to the insurance coverage does not oust the applicability of a declaratory judgment action.").

that Travelers could show Signature violated the relevant statutes and regulations regarding esthetician licensing; and thus, an applicable policy exclusion would relieve Travelers of a duty to defend Signature in Bozovich's underlying action.

This conclusion is reinforced by the summary nature of the trial court's order. We do not know if that court considered evidence outside the pleadings, if it believed Travelers waived its argument, or if it granted the motion because it concluded the policy exclusions did not apply. And taking the facts as alleged as true (as we must), we cannot say there is a lack of evidence to support Travelers's claim that the exclusion applies. As a result, the trial court erred in granting the motion to dismiss Travelers's declaratory-judgment action.[25] Accordingly, we reverse the trial court's order granting the motion to dismiss, and we remand the case for further proceedings consistent with this opinion.

2. Having concluded the trial court erred in granting the motion to dismiss, we need not address Travelers's argument that the trial court erred by considering evidence outside the complaint.

---

[25] *See Coleman*, 130 Ga. App. at 230 (holding action brought by insurer against driver of automobile which crashed, seeking a judgment declaring its nonliability as the driver's insurer, was sufficient to withstand motion to dismiss, because the petition stated the existence of an actual controversy, and because it alleged the terms of the policy and the facts upon which the insurer relied for the relief sought).

*Judgment reversed and case remanded. McFadden, P. J., and Brown, J., concur.*